# Ex. A

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO,
JULIO CESAR MEDEIROS NEVES, and all
those similarly situated,

          Petitioners-Plaintiffs,

    v.

STEVEN J. SOUZA,

          Respondent-Defendant.

Case No. 1:20-cv-10617 WGY

## SETTLEMENT AGREEMENT

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | PARTIES TO SETTLEMENT AGREEMENT | 3 |
| II. | PURPOSE OF SETTLEMENT AGREEMENT | 5 |
| III. | DEFINITIONS | 5 |
| IV. | CATEGORIES OF CLASS MEMBER RELIEF | 7 |
| V. | RE-ARREST CONDITIONS | 10 |
| VI. | DISMISSAL OF APPEAL | 11 |
| VII. | REPOPULATION OF BCHOC | 12 |
| VIII. | RELEASE AND SETTLEMENT OF CLAIMS | 12 |
| IX. | FINAL APPROVAL | 13 |
| X. | DISPUTE RESOLUTION AND ENFORCEMENT | 14 |
| XI. | NO ADMISSION OF LIABILITY | 14 |
| XII. | ATTORNEYS' FEES AND COSTS | 14 |
| XIII. | NOTICE AND APPROVAL PROCEDURE | 15 |
| XIV. | MISCELLANEOUS | 18 |
| XV. | TERM | 20 |

ActiveUS 186306212

## I.    PARTIES TO SETTLEMENT AGREEMENT

The Parties to this Settlement Agreement ("Agreement") are:

1.    <u>Plaintiffs</u>: On April 8, 2020, the Court certified the following Class: "All civil immigration detainees who are now held by Respondent-Defendants at the Bristol County House of Corrections and C. Carlos Carreiro Immigration Detention Center in North Dartmouth, Massachusetts."   ECF No. 64.   For purposes of this Agreement, the Parties agree and stipulate that the "Class Members" consist of the following individuals and no others:[1]

      a)    <u>Individuals to be Released Pursuant to this Agreement</u>

        (1)    Augustin, Smith

        (2)    Kayitare, Fred*[2]

        (3)    Wafula, Lloyd

        (4)    Ixcuna-Lucas, Miguel

        (5)    Guallan-Tixi, Diego

        (6)    Gomes, Marcio

      b)    <u>Individuals to be Provided Other Relief</u>

        (1)    Fernandes, Joao Lima

        (2)    Da Graca, Aires*

        (3)    Lewis, Conroy*

        (4)    Amado, Joao*

        (5)    De Carvalho, Janito

        (6)    Mullings, Terrano

        (7)    Ali, Liban

---

[1]   The Parties agree to this definition of Class Members for settlement purposes only and reserve all rights should the issue of who is or is not a member of the certified class arise in the future.

[2]   The individuals marked with an asterisk (*) have current appeals of their bail denials in this Action pending in Appellate Proceedings (as defined herein).   The Appellate Proceedings are being resolved as part of this Agreement, as addressed *infra* in Section VII.

ActiveUS 186306212

    c)    <u>Individuals Currently Released on Bail by Order of Judge Young</u>:

        (1)    Al Amiri, Salim

        (2)    Almanzar, Juan

        (3)    Candelario-Echegoyen, Hugo

        (4)    Carangui, Carlos

        (5)    Castillo-Malpica, Gabriel

        (6)    Corleto, Kevin

        (7)    Cruz Soares, Geraldo

        (8)    De Jesus Concepcion, Angela

        (9)    Ferreira, Pamlar

        (10)    Figueroa Morales, Julio

        (11)    Hussein, Hussien

        (12)    James, Andrea

        (13)    Jaramillo-Perez, Esteban

        (14)    Jaramillo-Quiroz, Hector

        (15)    Joseph, Desmond

        (16)    Kita Tshimanga, Antoni

        (17)    Mahadeo, Kavon

        (18)    Maney Lal, Neved Bai

        (19)    Maria De Oliveira, Robson

        (20)    Medeiros Neves Junio, Julio

        (21)    Miranda-Castillo, Luis

        (22)    Montes-Santos, Pascual

        (23)    Nikiforidis, Georgios

        (24)    Peguero-Vasquez, Victor

        (25)    Ramirez-Maldonado, Ranferi

        (26)    Rojas-Ceballos, Juan

        (27)    Sanchez Lopez, Victor

        (28)    Smith, Donovan

        (29)    Thomas, Joko

        (30)    Thomas, Akeim

        (31)    Urbina Rivas, Henry

4

(32)    Velasquez-Hernandez, Oscar

2.    Defendant: Steven Souza, in his official capacity;

3.    U.S. Immigration and Customs Enforcement.

## II.    PURPOSE OF SETTLEMENT AGREEMENT

The Parties acknowledge and agree that this Agreement shall constitute a full, fair, and complete settlement of *Savino v. Souza*, No. 20-cv-10617 (the "Action").

## III.    DEFINITIONS

1.    "Agreement" shall have the meaning ascribed to it in Section I.

2.    "Action" shall have the meaning ascribed to it in Section II.

3.    "Appellate Proceedings" shall refer to First Circuit Case No. 20-1626.

4.    "BCHOC" shall refer to the Bristol County House of Correction and C. Carlos Carreiro Immigration Detention Center in North Dartmouth, Massachusetts.

5.    "Boston Area of Responsibility" shall refer to Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont.

6.    "Class Members" shall have the meaning ascribed to it in Section I.

7.    "Complaint" shall refer to the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and Complaint for Declaratory and Injunctive Relief filed in this Action on March 27, 2020 (ECF No. 1).

8.    "Court" means the United States District Court for the District of Massachusetts.

9.    "Defendant" shall have the meaning ascribed to it in Section I.

10.    "Fairness Hearing" means the hearing to be held by the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the settlement set forth in this Agreement should be approved.

ActiveUS 186306212

11.    "Final Approval" shall refer to the Court's entry of this Agreement as an Order of the Court following a hearing and finding that the Agreement is fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e).

12.    "ICE" shall refer to United States Immigration and Customs Enforcement, inclusive of any employee or agent thereof.

13.    "Parties" shall have the meaning ascribed to it in Section I.

14.    "Party" shall mean any individual or entity specifically listed in Section I.

15.    "Plaintiffs" shall have the meaning ascribed to it in Section I.

16.    "Preliminary Approval Order" means the "Order Preliminarily Approving Class Action Settlement, Providing For Notice and Scheduling Order," substantially in the form of Exhibit A attached hereto, which, among other things, preliminarily approves this Agreement and provides for notification to the Class Members and sets the schedule for the Fairness Hearing.

17.    "§(1)(a) Class Members" shall refer to the individuals in subsection (1)(a) of Section I.

18.    "§(1)(b) Class Members" shall refer to the individuals in subsection (1)(b) of Section I.

19.    "§(1)(c) Class Members" shall refer to the individuals in subsection (1)(c) of Section I.

20.    "Class Members With Appellate Proceedings" shall refer to the individuals marked with asterisks in Section I, above.

6

## IV.     CATEGORIES OF CLASS MEMBER RELIEF

### A.     Class Members Currently Released On Bail By Judge Young

Concurrently with the submission of this Agreement to the Court for approval, Plaintiffs and Defendant will jointly move the Court for alteration of §(1)(c) Class Members' conditions of release, such that they are not subject to (1) any curfew or home confinement restrictions, inclusive of the restrictions imposed by the Court's December 22, 2020 Order (ECF No. 354), or (2) any GPS electronic monitoring.  Subject to the re-arrest and detention or modification provisions in Section V, §(1)(c) Class Members shall remain released following Final Approval, and the alteration of conditions of release shall become effective and permanent as of the date of Final Approval, to the extent that the alteration of conditions has not already been approved by the Court.  Defendant shall promptly inform all ICE, BI Incorporated, Intensive Supervision Appearance Program (ISAP), or other compliance staff assigned to §(1)(c) Class Members when these changes in conditions of release are made.

### B.     Class Members To Be Released Pursuant To This Agreement

The releases of §(1)(a) Class Members will be effected as soon as practically possible following execution of the Agreement by the Parties but no later than seventy-two hours following execution of the Agreement.  Prior to execution of this Agreement, Plaintiffs' counsel shall provide ICE with residential addresses to which each §(1)(a) Class Member will be released.  Should any of these addresses not be approved by ICE, ICE shall so notify Plaintiffs' counsel within twenty-four (24) hours and the Parties shall confer on an alternative arrangement for the release of that individual.  Class Members released pursuant to this Section IVB shall complete fourteen (14) days of quarantine immediately following their release from BCHOC. Following completion of the quarantine period, §(1)(a) Class Members shall not be subject to any curfew or home confinement restrictions as part of the conditions of their release.  These

7

Class Members may be subject to electronic monitoring at the discretion of ICE. The foregoing

timing notwithstanding, the continued release of §(1)(a) Class Members is contingent on

obtaining Final Approval of this Agreement. Should the Agreement not receive Final Approval

from the Court, ICE reserves the right to, and Plaintiffs shall not oppose, re-arrest and detention

of §(1)(a) Class Members who were released in advance of Final Approval. This exception for

re-arrest and detention in the event the Agreement does not receive Final Approval shall not be

subject to the re-arrest provisions described in Section V.

      **C.**    **Class Members Provided Other Relief Pursuant to this Agreement**

      The §(1)(b) Class Members shall be presented the option to transfer out of the BCHOC

facility to another ICE facility within the Boston Area of Responsibility. Within fourteen (14)

days of execution of the Agreement, ICE shall provide Plaintiffs' counsel with a list identifying

alternative locations of detention for each of the §(1)(b) Class Members. Defendant shall

provide Plaintiffs' counsel with phone access to these Class Members, so that Plaintiffs' counsel

can relay this information to the §(1)(b) Class Members. These individuals will have five (5)

days from the date Plaintiffs' counsel is provided phone access to §(1)(b) Class Members to

decide whether to exercise their option to transfer, or to remain at BCHOC. Should they elect to

exercise their transfer option, they will inform Plaintiffs' counsel. Plaintiffs' counsel shall relay

the decision to ICE and Defendant, who will then effectuate the transfer.

      ICE maintains discretion as permitted by law to release any Class Member not released

through this Agreement. Nothing in this Agreement restricts the ability of ICE to voluntarily

choose to release individuals on their own initiative or in response to new guidance or policy

changes or an order of an administrative or federal court. The offering of a transfer option as

part of a court-approved settlement, or the Class Member's election to not exercise that option,

may not be used in any subsequent proceeding (i) to the detriment of any Class Member or (ii) in

support of any argument for relief against Defendant, BCHOC, ICE, or any of their respective

employees.  Nothing in this Agreement restricts the ability of ICE to transfer a Class Member to

another facility for emergent operational or security needs, except that Class Members who

exercise their option to be transferred from BCHOC to another facility shall not be subsequently

transferred back to BCHOC for any reason, unless the Class Member consents to be returned to

BCHOC.

     **D.**    **Individualized Relief**

    In addition to the foregoing, the following relief shall be made available and continue

thereafter as applicable, to Class Members Joao Fernandes and Janito De Carvalho, as follows:

    <u>Joao Fernandes</u>: Upon submission of this Agreement to the Court for approval, ICE shall

join in a motion to reopen by Mr. Fernandes before the Board of Immigration Appeals (BIA).  A

copy of the joint motion to be filed with the BIA is attached as Exhibit B.  Upon approval of the

BIA of the joint motion to reopen, Mr. Fernandes will file a motion under Fed. R. App. P. 42(b)

to voluntarily dismiss his pending petition for review, docketed as *Lima Fernandes v. Wilkinson*,

No. 20-2035 (1st Cir.).  Further, Mr. Fernandes will file an unopposed motion to abate the

proceedings in his petition for review for the purpose of excusing the respondent from the due

date of March 29, 2021 to file the answering brief.  Mr. Fernandes agrees not to file any habeas

petition alleging unlawful prolonged detention unless his reopened removal proceedings before

the immigration court and Board of Immigration Appeals extend beyond one year, at which time

Mr. Fernandes will be able to file such a claim.  The one-year period during which Mr.

Fernandes agrees not to file a habeas petition will begin upon the granting of the joint motion to

reopen.  Nothing in this agreement should be construed as a concession by ICE that detention

ActiveUS 186306212

lasting longer than one year is unreasonably prolonged or otherwise unlawful. Nothing in this Agreement requires ICE to stipulate or agree that Mr. Fernandes is eligible for a bond hearing before the immigration court or eligible for any form of immigration relief.

In the event that the BIA does not grant the joint motion to reopen described above, Mr. Fernandes will not withdraw his pending petition for review at the First Circuit. If the BIA grants the joint motion to reopen but the Court does not grant Final Approval of this Agreement, the Parties agree that Mr. Fernandes will nevertheless dismiss his pending petition for review.

Janito De Carvalho: Defendant or ICE hereby agrees to send the letter in Exhibit C (or its functional equivalent) to the Salem Probate Court as it relates to Mr. De Carvalho's motion to reopen his family law matter (Case No. ES19W1162WD), within two weeks of Final Approval, and to provide him with a copy. If and when that family law matter is reopened, ICE and Defendant hereby agree to make Mr. De Carvalho available for family court proceedings provided ICE or Defendant is given reasonable notice thereof and that his attendance at family court proceedings does not interfere with any future appearances before the immigration court or his removal from the United States. ICE and Defendant shall use best efforts to provide transport and/or video conference capabilities to Mr. De Carvalho for those proceedings.

## V.    RE-ARREST CONDITIONS

ICE shall not arrest or re-detain any §§ (1)(a) or (c) Class Member but for Good Cause. For the purposes of this Agreement, Good Cause is limited to a material violation of the terms and conditions of a §§ (1)(a) or (c) Class Member's order of recognizance or supervision. Absent an emergency involving a risk of harm to others by a released §§ (1)(a) or (c) Class Member, any effort to re-detain a §§ (1)(a) or (c) Class Member for Good Cause will be subject to Field Office Director ("FOD") or Special Agent in Charge ("SAC") advance approval.

ActiveUS 186306212

Notwithstanding the above paragraph, ICE may re-arrest and re-detain §§ (1)(a) or (c) Class Members to effectuate a final order of removal, but only after good faith consideration of the §§ (1)(a) or (c) Class Member's individual circumstances and only after ICE has determined whether the option of self-removal and/or prior notice (as opposed to re-arrest) is appropriate for that individual §§ (1)(a) or (c) Class Member. ICE will make this determination by applying the same standards of review and process that it employs in cases of final orders of removal for individuals on its non-detained dockets.

ICE may also alter the terms and conditions of release for §§ (1)(a) or (c) Class Members for Good Cause (as defined herein). In the case of any Class Member whom ICE could otherwise re-arrest and re-detain to effectuate a final order of removal under the standards set forth in the previous paragraph, ICE may, but is not required to, offer them electronic monitoring as an alternative to re-arrest and detention. These protections against re-arrest or modification of terms and conditions of release for released §§ (1)(a) or (c) Class Members will remain in place for a period of one year from the date of execution of this Agreement.

## VI.    DISMISSAL OF APPEAL

When this Agreement has been executed by counsel for the Parties, they will file a joint motion to dismiss without prejudice Case No. 20-1626 currently pending on behalf of Class Members With Appellate Proceedings pursuant to Fed. R. App. P. 42(b). The dismissal will be without prejudice to reinstatement in the event that the Court does not enter Final Approval. Reinstatement shall be by notice filed by counsel for the Class Members With Appellate Proceedings within 14 days of the Court's order rejecting Final Approval. If no notice of reinstatement is filed within 14 days of the Court's order rejecting Final Approval, the dismissal shall be with prejudice. Each party shall bear its own costs.

## VII.   REPOPULATION OF BCHOC

The Preliminary Injunction that the Court issued on May 7, 2020, ECF No. 168, modified on May 11, 2020, ECF No. 172, and on May 12, 2020, issued a written opinion supporting, ECF No. 175, in which it prohibited the admission of new detainees to BCHOC, shall remain in place until Final Approval of this Agreement is entered, at which point the Preliminary Injunction shall be dissolved.  Prior to the expiration of the time period for exercising the transfer option under Section IV.C, Defendant and ICE will use good faith efforts to communicate and keep Plaintiffs' counsel apprised of placement of detainees at BCHOC so that Plaintiffs' counsel can share any information regarding the repopulation of BCHOC with §1(b) Class Members in order to counsel those individuals on whether or not to exercise the transfer option provided to them under Section IV.C. of this Agreement.  Defendant and ICE's duty to keep Plaintiffs' counsel apprised of placement of detainees at BCHOC shall not continue past the date on which §1(b) Class Members decide whether or not they will exercise their transfer option.

## VIII.   RELEASE AND SETTLEMENT OF CLAIMS

In consideration of the representations, promises, and agreements set forth herein, the sufficiency of which is hereby acknowledged, Plaintiffs hereby release and forever discharge Defendant and ICE, from the habeas and Rehabilitation Act claims expressly alleged in the Complaint.

Aside from the habeas and Rehabilitation Act claims expressly alleged in the Complaint, no Class Member waives, dismisses, or releases any claim arising out of their detention, including without limitation claims under the Massachusetts Tort Claims Act, the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 USC § 1983.  Class Members retain their right to file individual habeas claims seeking release

12

from detention on any grounds that are not expressly raised in the Complaint, except as set forth above regarding Mr. Fernandes.

Except as expressly stated herein, this Agreement shall not constitute an admission by ICE, Defendant, or any Class Member for the purpose of asserting any claim or defense in any other proceeding, including but not limited to Class Members' immigration or criminal proceedings. All claims and defenses in proceedings other than this Action and in the Appellate Proceedings are expressly preserved by all Parties to this Agreement.

## IX.     FINAL APPROVAL

This Agreement shall be subject to the Final Approval of the Court. The Parties shall cooperate in presenting this Agreement to the Court for Final Approval and/or at any hearing under Fed. R. Civ. P. 23(e). If the Court grants Final Approval, the Parties stipulate that this Agreement shall not be construed as a consent decree or its equivalent. If the Court does not grant Final Approval, this Agreement shall be null and void and of no force and effect, and nothing herein shall prejudice the position of any Party with respect to the Action or otherwise, and neither the existence of this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be admissible in evidence, referred to for any purpose in the Action or in any other litigation or proceeding, or construed as an admission, presumption, or concession by Defendant or ICE of any liability or the truth of any of the allegations of the Action.

If the Court grants Final Approval and following provision of the relief identified in Section IV and the dismissal of appeals outlined in Section VI, the Parties stipulate to jointly move the Court to dismiss the Action.

ActiveUS 186306212

## X.   DISPUTE RESOLUTION AND ENFORCEMENT

If any of the Parties believe that another Party is not in substantial compliance, that is, is in substantial non-compliance, with any provision of this Agreement, that Party shall, through its counsel, provide the allegedly non-compliant Party, in writing, notice of the specific reasons why it believes that they are not in substantial compliance with such provision or provisions, referencing the specific provision or provisions.

Once notified, the Party so notified shall provide a written response to any claim of alleged substantial non-compliance.

Either Defendant, ICE, or Plaintiffs (through their counsel), may request a meeting to discuss and attempt to resolve any dispute. If they are not successful in their efforts to resolve the issue, they may jointly or independently seek relief from any court of competent jurisdiction to the fullest extent permissible by law.

## XI.   NO ADMISSION OF LIABILITY

Nothing in this Agreement, including but not limited to the transfer option, shall be construed in any way as an admission, presumption, or concession by Defendant or ICE of any liability or wrongdoing whatsoever. Defendant and ICE specifically disclaim any liability or wrongdoing whatsoever on the part of themselves, their agents, and their employees, but agree to settle this suit to avoid further protracted litigation.

## XII.   ATTORNEYS' FEES AND COSTS

Plaintiffs and Plaintiffs' counsel agree to waive any and all claim to the recovery of attorneys' fees and costs in connection with this Action if the following conditions are met: a) the Court grants Final Approval; b) the conditions of release for §(1)(c) Class Members are modified as set forth in Section IVA; c) the §(1)(a) Class Members are released as set forth in Section IVB;

14

d) the §(1)(b) Class Members are offered the transfer option as set forth in Section IVC and any of these Class Members who have exercised this option are transferred; e) the joint motion to reopen described in Section IVD is filed; and f) the letter for Mr. De Carvalho is sent and a copy provided as set forth in Section IVD. However, should the foregoing conditions not occur, Plaintiffs and Plaintiffs' counsel reserve all rights to continue to litigate on Class Members' behalf and to seek reasonable attorneys' fees and costs for all services rendered in this Action. The failure of Defendant and ICE to comply with the 72-hour timing requirement of § IV(B) for the release of §(1)(a) Class Members shall not be deemed to reinstate Plaintiffs' or Plaintiffs' counsel's right to fees and costs if Defendant and ICE have made a good faith effort to secure such release within that timeframe and the impediment to such release is either beyond the control of Defendant or ICE or could not have been reasonably foreseeable by them, and the Class Member is released as soon as practicable. Plaintiffs' counsel also reserves all rights to seek fees and costs incurred solely in connection with the successful enforcement of this Agreement, should the need to seek such enforcement arise following Final Approval. Defendant and ICE reserve all rights to oppose any such petitions for fees and costs.

## XIII.   NOTICE AND APPROVAL PROCEDURE

### A. Preliminary Approval

As soon as practicable after the execution of this Agreement, the Parties shall jointly move for a Preliminary Approval Order, substantially in the form of Exhibit A, preliminarily approving this Agreement and finding this settlement to be fair, just, reasonable, and adequate, approving the Class Notice to the Class members as described *infra* in Section XIII (C), and setting a Fairness Hearing to consider the Final Approval Order and any objections thereto.

### B. Effect of the Court's Denial of the Agreement

ActiveUS 186306212

This Agreement is subject to and contingent upon Court approval under Rule 23(e) of the Federal Rules of Civil Procedure.  If the Court rejects this Agreement, in whole or in part, or otherwise finds that the Agreement is not fair, reasonable, and adequate, the Parties agree to meet and confer to work to resolve the concerns articulated by the Court and modify the Agreement accordingly.  Except as otherwise provided herein, in the event the Agreement is terminated or modified in any material respect or fails to become effective for any reason, the Agreement shall be without prejudice and none of its terms shall be effective or enforceable; the Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Agreement; and except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  In the event that the Agreement is terminated or modified in any material respect, the Parties shall be deemed not to have waived, not to have modified, or not be estopped from asserting any additional defenses or arguments available to them.  In such event, neither this Agreement nor any draft thereof, nor any negotiation, documentation, or other part or aspect of the Parties' settlement discussions, nor any other document filed or created in connection with this settlement, shall have any effect or be admissible in evidence for any purpose in the litigation or in any other proceeding, except in a proceeding to enforce the Agreement, and all such documents or information shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and in any event only for the purposes of litigating the Action.

## C. Notice for Fairness Hearing

The joint motion for Preliminary Approval Order shall request that the Court schedule the Fairness Hearing for no later than twenty-eight (28) days from the date the joint motion is filed;

16

and shall request that the Court order that not later than three (3) days after entry of the Preliminary Approval Order (unless otherwise modified by the Parties or by order of the Court), the Parties shall effectuate notice to Class Members. The Parties stipulate to the form of notice attached at Exhibit D. Defendant agrees to provide Plaintiffs' counsel with the last known address of each Class Member to confirm notice is being properly issued.

### D. Objections to Settlement

The joint motion for Preliminary Approval Order shall request that the Court order the following procedure for objections: that on or before two (2) weeks after the Court issues a Preliminary Approval Order, any Class member who wishes to submit comments or object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the settlement contemplated herein must file with the Clerk of Court and serve on the Parties a statement of objection setting forth the specific reason(s), if any, for the objection, including any legal support or evidence in support of the objection, grounds to support their status as a class member, and whether the class member intends to appear at the Fairness Hearing. The Parties will have five (5) days following the objection period in which to submit answers to any objections that are filed. Any notice submitted to the Clerk of the Court in accordance with this Section VIII(D) shall be sent to: Clerk of the Court, U.S. District Court of Massachusetts, One Courthouse Way, Suite 2300, Boston, MA 02210; copies shall also be served on all counsel to this Agreement.

### E. Fairness Hearing

At the Fairness Hearing, as required for Final Approval of the settlement pursuant to Federal Rule of Civil Procedure 23(e)(2), the Parties will jointly request that the Court approve the settlement as final, fair, reasonable, adequate, and binding on Class Members.

### F. Opt-Outs

17

The Parties agree that no Class Member may opt out of any of the provisions of this Agreement.

### G. Final Approval Order and Judgment

At the Fairness Hearing, the Parties shall jointly move for entry of the Final Approval Order, substantially in the form of Exhibit E, granting final approval of this Agreement to be final, fair, reasonable, adequate, and binding on all Class Members, overruling any objections to the Agreement; ordering that the terms be effectuated as set forth in this Agreement; and giving effect to the releases as set forth in Section VIII.

### XIV.   MISCELLANEOUS

#### A.      Governing Law

This Agreement shall be deemed to be made and entered into in the Commonwealth of Massachusetts and shall in all respects be interpreted, enforced, and governed under the laws of said Commonwealth and the laws of the United States.

#### B.      Confidentiality

No part of this Agreement is or will be considered confidential by the Parties.   This Agreement will be made available by request under the Massachusetts Public Records Law, Mass. Gen. Laws c. 66, § 10, or Freedom of Information Act, 5 U.S.C. § 552.

#### C.      Entire Agreement

This Agreement constitutes the entire agreement of the Parties and, except for any Protective Order entered by the Court, supersedes all prior agreements, representations, negotiations, and undertakings in this litigation not set forth or incorporated herein.

Each Party represents and acknowledges that each Party is and has been represented by its own counsel.  Each Party further represents and acknowledges that, in executing this Agreement, no Party relies or has relied upon any representations or statements made by any other Party or its

18

counsel other than the promises and representations set forth in this Agreement. No other statement, promise, or agreement, either written or oral, made by any Party or agents of any Party that is not contained in this written Agreement, or in the individual agreements referenced in Section IVD, will be enforceable.

This Agreement is the result of an arm's-length negotiation. Since all Parties contributed substantially, materially, and cooperatively in drafting this Agreement, it shall not be more strictly construed against one Party than as against any other.

**D.      Execution**

This Agreement may be executed in counterpart originals, all of which, when so executed and taken together, shall be deemed an original and all of which shall constitute one and the same instrument. Each counterpart may be delivered by email (as a PDF attachment) or facsimile, and an email or facsimile signature shall have the same force and effect as an original signature.

**E.      Non-Waiver**

Failure by Plaintiffs to seek enforcement of this Agreement pursuant to its terms with respect to any instance or provision will not be construed as a waiver to such enforcement with regard to other instances or provisions.

**F.      Severability**

Should any part, term, or provision of this Agreement be declared or be determined by any court to be illegal, invalid, or otherwise unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, invalid, or other unenforceable part, term, or provision shall be deemed not to be part of this Agreement, unless the Court declines to approve this Agreement. However, if the severance of any illegal, invalid, or otherwise unenforceable part, term, or provision materially alters the rights or obligations of the Parties hereunder, the Parties will attempt, through reasonable, good faith negotiations, to agree upon such

19

other amendments to this Agreement as may be necessary to restore the Parties as closely as possible to the relative rights and obligations initially intended by them hereunder.

### G.     Amendments

Except as otherwise stated, this Agreement shall only be amended, revoked, changed, or modified through a written agreement executed by all Parties and approved by the Court.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged and approved by the Court.

## XV.   TERM

This Agreement shall expire and the entirety of the obligations set forth within its terms shall become null and void four years from the date of the Court's Final Approval.

ActiveUS 186306212

Signed:

NATHANIEL B. MENDELL
Acting United States Attorney
District of Massachusetts
*/s/ Thomas E. Kanwit*
THOMAS E. KANWIT
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Thomas.kanwit@usdoj.gov
(617) 748-3100

Counsel for Defendant Souza and for U.S. Immigration and Customs Enforcement

Date: April 6, 2021

21

ActiveUS 186306212

Signed:

/s/ Oren M. Sellstrom
Plaintiffs' District Court Counsel
LAWYERS FOR CIVIL RIGHTS


April 6, 2021
Date

/s/ Mike Brown
Plaintiffs' District Court Counsel
WILMER CUTLER PICKERING HALE AND
DORR LLP


April 6, 2021
Date


/s/ Michael Wishnie
Plaintiffs' District Court Counsel
JEROME N. FRANK LEGAL SERVICES ORGANIZATION


April 6, 2021
Date

/s/ Sameer Ahmed
Appellate Counsel for Class Members With
Appellate Proceedings
HARVARD LAW SCHOOL CRIMMIGRATION CLINIC


April 6, 2021
Date

22

ActiveUS 186306212

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO,

JULIO CESAR MEDEIROS NEVES, and all
those similarly situated,

          Petitioners-Plaintiffs,

     v.

STEVEN J. SOUZA,

          Respondent-Defendant.

Case No. 1:20-cv-10617 WGY

## [PROPOSED] ORDER GRANTING FINAL
## APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the above-captioned matter is pending before this Court as a certified class action (the "Action"[1]);

WHEREAS, the Parties made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order: (i) preliminarily approving the Settlement Agreement dated April 6, 2021, which, together with the exhibits annexed thereto, sets forth the terms and conditions for the settlement of the Action; (ii) approving the form of Class Notice, attached as Exhibit D to the Settlement Agreement; and (iii) scheduling a date for the Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e), for the Court to consider and determine whether to approve the terms of the Settlement Agreement as fair, reasonable, and adequate; and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreement.  ECF No. 398.

1

WHEREAS, this Court issued a Preliminary Approval Order, ECF No. 402; approved the form of Class Notice, ECF No. 404; and held a Fairness Hearing on May 3, 2021; and

WHEREAS, this Court has duly considered the arguments in favor of the Settlement Agreement and any objection properly submitted in opposition to the Settlement Agreement;

This Court hereby overrules any and all objections filed in opposition to the Settlement Agreement and finds the Settlement Agreement, inclusive of all terms and conditions set out therein, ECF No. 398, to be fair, reasonable, and adequate, because:

1. Class Members were adequately represented by class representatives and Plaintiffs' counsel;

2. The Settlement Agreement was the product of arm's-length negotiations;

3. The Settlement Agreement provides Class Members with adequate relief; and

4. The Settlement Agreement treats Class Members equitably.

THEREFORE, the settlement of this Action pursuant to the terms and conditions of the Settlement Agreement is hereby approved pursuant to Fed. R. Civ. P. 23(e) and shall be binding on all parties to the Settlement Agreement: the Class Members, Defendant, and Immigration and Customs Enforcement ("ICE"). The terms, conditions, and releases as set forth in the Settlement Agreement are hereby effectuated.

IT IS SO ORDERED.

Dated:  May 13, 2021                                    /s/ William G. Young
                                                       Hon. William G. Young
                                                       United States District Judge