UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |  |
|---|---|
| MARIO PILLCO MOROCHO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>Defendants. | No. 1:22-cv-10652-WGY |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' PARTIALLY-ASSENTED-TO MOTION TO DISMISS FOR LACK OF SERVICE**

The Court should dismiss Plaintiffs' complaint against Todd Lyons, the individual federal Defendant, and set a short deadline for Plaintiffs to perfect service against the federal agency Defendants,[1] because Plaintiffs have failed to perfect service within the time provided by the Federal Rules of Civil Procedure.

Plaintiffs, who are represented by counsel, had 90 days from the filing of the complaint to serve the federal individual and agency Defendants. More than twice that amount of time has elapsed since Plaintiffs filed the complaint (186 days to be exact), yet Plaintiffs have served the summons and complaint only upon the Attorney General of the United States. Accordingly, Plaintiffs have not perfected service upon Mr. Lyons, which warrants dismissal of the complaint against him. Moreover, Plaintiffs have failed to serve the federal agency Defendants (the United

---

[1] The federal agency Defendants are the United States of America, United States Department of Homeland Security ("DHS"), and United States Immigration and Customs Enforcement ("ICE").

States, ICE, and DHS).  However, since Plaintiffs have served the Attorney General, the federal agency Defendants request (with Plaintiffs' assent) that the Court set a brief deadline for Plaintiffs to perfect service of the federal agency Defendants.  *See* Fed. R. Civ. P. 4(i)(4)(A) (mandating a reasonable extension of time to perfect service of a federal agency where plaintiff has served the Attorney General).

## I. BACKGROUND

Plaintiffs filed the complaint on April 29, 2022.  Compl. & Demand for Jury Trial (Apr. 29, 2022), ECF No. 1.  To date, which is 186 days since Plaintiffs filed the complaint, the docket in this case does not show any returned summons relating to any of the federal Defendants.  *See* L.R. 4.1(a) ("Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).").  However, undersigned counsel understands that Plaintiffs timely served the summons and complaint on the Attorney General of the United States.

## II. ARGUMENT

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987); *accord, e.g., Sanchez-Mariani v.*

*Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982) (Breyer, J.). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . . stating the time within which the party served must appear and defend." *Murphy Bros.*, 526 U.S. at 350. "Where, as here, a defendant moves for dismissal under Rule 12(b)(5), the plaintiff bears 'the burden of showing that service was proper.'" *Fishman v. Trump*, No. 1:19-cv-11734, 2020 WL 4431769, at *2 (D. Mass. July 31, 2020) (quoting *Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014)).

### A. The Court Should Dismiss the Complaint against Mr. Lyons for Failure to Perfect Service

Federal Rule of Civil Procedure 4(i)(3) governs service of process upon Mr. Lyons because he is a federal employee sued in his individual capacity. Rule 4(i)(3) required Plaintiffs to serve a copy of the summons and complaint on Mr. Lyons, as well as on the United States Attorney's Office for the District of Massachusetts ("Massachusetts USAO") and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A) & (B); Fed. R. Civ. P 4(i)(3). Even though Plaintiffs timely served the Attorney General, Plaintiffs have failed to properly serve Mr. Lyons or the Massachusetts USAO. *See* L.R. 4.1(a).

Accordingly, the Court should dismiss the complaint as to Mr. Lyons for lack of personal jurisdiction. *E.g.*, *Fishman*, 2020 WL 4431769, at *5 ("[Plaintiff] has not properly served any of the Defendants, . . . [a]ccordingly, the Court lacks personal jurisdiction over all the Defendants."); *see also Omni Cap. Int'l.*, 484 U.S. at 104.

Moreover, the Court should dismiss Plaintiffs' complaint against Mr. Lyons under Rule 4 because Plaintiffs failed to perfect service within 90 days after filing the complaint, failed to move for an enlargement of time, and Plaintiffs cannot now show good cause to avoid dismissal. Under Rule 4(m), Plaintiffs had 90 days after filing the complaint (*i.e.*, until July 28, 2022) to serve Mr. Lyons properly. Plaintiffs failed to do so. Plaintiffs also "never sought an enlargement of time under Fed. R. Civ. P. 6(b), nor did [they] demonstrate good cause for [their] delay within 14 days of the expiration of the 90-day period, as required by Local Rule 4.1(b)." *Radfar v. Crowley*, 568 F. Supp. 3d 113, 115 (D. Mass. 2021); *see also United States v. Ayer*, 857 F.2d 881, 884-85 (1st Cir. 1988) (holding that plaintiff bears the burden of showing good cause); *Fishman*, 2020 WL 4431769, at *4 (dismissing complaint where plaintiff did not establish good cause for failure to perfect service).

Nor can Plaintiffs hope to satisfy their burden to establish good cause for failure to perfect service upon Mr. Lyons. *See* Fed. R. Civ. P. 4(m). "Good cause is likely, but not necessarily, found where: (1) 'the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server'; (2) 'the defendant has evaded service of process or engaged in misleading conduct'; (3) 'the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances'; or (4) 'the plaintiff is proceeding *pro se* or *in forma pauperis*.'" *Radfar*, 568 F. Supp. 3d at 116 (quoting *Martello v. United States*, 133 F. Supp. 3d 338, 344-35 (D. Mass. 2015)). Mr. Lyons concedes that Plaintiffs caused the summons and complaint to be left at his place of

4

work when Mr. Lyons was not present, but aside from that insufficient effort at perfecting service none of the "good cause" factors favor Plaintiffs.[2] If anything, the passage of 186 days without perfecting service suggests that Plaintiffs, though represented by counsel, have not "acted diligently in trying to effect service[.]" *Id*.

Nor should the court exercise its discretion to extend the time for service in the absence of good cause. Mr. Lyons concedes that he received timely notice of this lawsuit despite the lack of proper service. Nevertheless, the Court should not excuse Plaintiffs' failure to perfect service since Plaintiffs are represented by counsel who, presumably, "was well aware of the service requirements and fully capable of complying with them[.]" *See United States v. Lezdey*, No. 12-11486-RWZ, 2013 WL 704475, at *5 (D. Mass. Feb. 26, 2013); *see also Fishman*, 2020 WL 4431769, at *4 (declining to grant discretionary extension of time to perfect service where the *pro se* plaintiff had litigated in federal court before and, therefore, had "reason to be familiar with the procedural requirements associated with federal lawsuits"). Plaintiffs' failure "to request additional time to perfect service of process" further militates against a discretionary extension of time. *Fishman*, 2020 WL 4431769, at *4.

Accordingly, the Court should dismiss the complaint as to Mr. Lyons.

---

[2] Leaving the summons and complaint at Mr. Lyons place of work when he was not present was insufficient to perfect service under Fed. R. Civ. P. 4(i)(3) which required Plaintiffs to serve Mr. Lyons properly under Fed. R. Civ. P. 4(e). *See, e.g.*, *Mukherjee v. Blake*, No. 12-11381-FDS, 2013 WL 2299521, at *2 (D. Mass. May 24, 2013) (explaining proper methods of service under Fed. R. Civ. P. 4(e)).

### B. The Court Should Require Plaintiffs Promptly to Perfect Service Upon the Federal Agency Defendants

Federal Rule of Civil Procedure 4(i)(2) governs service of process upon the federal agency Defendants (United States, DHS, and ICE). Rule 4(i)(2) required Plaintiffs to serve a copy of the summons and complaint on the Massachusetts USAO, the Attorney General of the United States, and the agency itself. Fed. R. Civ. P. 4(i)(1)(A) & (B); Fed. R. Civ. P 4(i)(2). Even though Plaintiffs have served the Attorney General, Plaintiffs have failed to properly serve the Massachusetts USAO, DHS, and ICE. *See* L.R. 4.1(a). Nevertheless, the Court "must allow [Plaintiffs] a reasonable time to cure [their] failure" to serve the agency Defendants because Plaintiffs have served the Attorney General. *See* Fed. R. Civ. P. 4(i)(4)(A); *see also Fishman*, 2020 WL 4431769 at *4 (explaining that "an extension" is "necessary" as to service of a federal agency if the plaintiff served the Attorney General).

Considering the many months Plaintiffs already have had to perfect service, the Court—with Plaintiffs' assent—should set a brief deadline for Plaintiffs' counsel to effect proper service of the United States, DHS, and ICE. *See Dominy v. Mayorkas*, No. 3:20-cv-00510, 2021 WL 6198075, at *5 (M.D. Tenn. Dec. 30, 2021) (extending the service period under Fed. R. Civ. P. 4(i)(4)(A) by approximately two weeks). If Plaintiffs fail to effect service properly by the Court's deadline, dismissal of the complaint against the federal agency Defendants would be appropriate. *See Anderson v. United States Dep't of Agric.*, 604 Fed. Appx. 513, 516 (7th Cir 2015)

(unpublished) (affirming dismissal of the complaint where the district court gave plaintiff an opportunity to cure service of a federal agency under Fed. R. Civ. P. 4(i)(4)(A), but plaintiff failed to do so).

## III. CONCLUSION

For the foregoing reasons, the Court should allow Defendants' motion to dismiss for lack of service, dismiss the complaint against Mr. Lyons, and (with Plaintiffs' assent) set a brief deadline for Plaintiffs to perfect service of the federal agency Defendants.

Dated: November 2, 2022

Respectfully submitted,
RACHAEL S. ROLLINS
United States Attorney

By: */s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3170
julian.canzoneri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on November 2, 2022.

*/s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney