```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
MARIO PILLCO MOROCHO, ABDOULAYE     )
FALL, DARLIN GUILLERMO, JUAN CARLOS )
ILLICACHI SHIGLA, DIEGO GALINDO,    )
SEGUNDO ARMIJOS, DIEGO ARMANDO      )
GULLÁN TIXI, MIGUEL LUCAS IXCUNA    )
YAX, LLOYD WAFULA, CONROY DESMOND   )
LEWIS, CARLOS MENJIVAR ROJAS,       )
NUELSON GOMES, FLAVIO ANDRADE       )
PRADO JUNIOR, JANITO DE CAVALHO,    )
JOAO FERNANDEZ, and MARCO           )
BATTISTOTTI,                        )
                                    )
                    Plaintiffs,     )
                                    )
          v.                        )   CIVIL ACTION
                                    )   NO. 22-10652-WGY
BRISTOL COUNTY SHERIFF'S OFFICE,    )
SHERIFF THOMAS HODGSON, in his      )
individual capacity, SUPERINTENDENT )
STEVEN SOUZA, in his individual     )
capacity, TODD LYONS, in his        )
individual capacity, THE UNITED     )
STATES DEPARTMENT OF HOMELAND       )
SECURITY, IMMIGRATION AND CUSTOMS   )
ENFORCEMENT, THE UNITED STATES OF   )
AMERICA, and OFFICERS DOE #1-26     )
in their individual capacities,     )
                                    )
                    Defendants.     )
                                    )
_____
```

YOUNG, D.J.                                    November 17, 2022

**ORDER**

This matter is before the Court on the Bristol County Sheriff's Office's, Sheriff Thomas Hodgson's (in his individual capacity), and Superintendent Steven Souza's (in his individual capacity) motion to dismiss. Defs.' Bristol County Sheriff's

1

Office, Sheriff Thomas Hodgson, and Superintendent Steven Souza Mot. Dismiss, ECF No. 4.

After hearing arguments on October 13, 2022, this Court took one matter under advisement. The Court was to determine who was bound by the release language in the settlement agreement arising out of Savino v. Souza, 459 F. Supp. 3d 317, 320 (D. Mass. 2020) (Young, J.). Electronic Clerk's Notes, ECF No. 16. The motion to dismiss is ALLOWED in part and DENIED in part as follows.

The motion is granted as to count one asserted under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, (1971) in its entirety. Compl. ¶¶ 534-539, ECF No. 1. Bivens is not relevant because federal agents are not a party to this motion. The motion is also granted as to the second count sixteen[1] only as to plaintiff Lloyd Wafula who is a party in both this current suit as well as the settlement agreement which resulted from the class action suit, Savino v. Souza, 459 F. Supp. 3d 317, 320 (D. Mass. 2020) (Young, J.). Compl. ¶¶ 542-556, ECF No. 1. In Savino, the class was redefined by the

---

[1] Plaintiffs' attorneys misnumbered their complaint and duplicated the number 16 when listing their counts. The second count 16 refers to "Count 16: Violation of Rehabilitation Act Plaintiffs Fall, Wafula, Menjivar Rojas, Prado, and Fernando Against the Department of Homeland Security, Immigration and Customs Enforcement, and the Bristol County Sheriff's Office." Compl., ¶¶ 74-76.

settlement agreement to include only those members of the class listed specifically within the settlement agreement and the release language is binding therein only to those individuals which includes Lloyd Wafula.  Defs.' Bristol County Sheriff's Office, Sheriff Thomas Hodgson, and Superintendent Steven Souza Mot. Dismiss, Exhibit A, ECF No. 4.  The motion is also granted as to count seventeen regarding the Americans with Disabilities Act for both plaintiff Lloyd Wafula who was a member of the class in Savino, and plaintiffs Abdoulaye Fall, Carlos Menjivar Rojas, Flavio Andrade Prado Junior, and Joao Fernandez[2] as such claim essentially is asserted under the second count sixteen through the Rehabilitation Act.  Compl. ¶¶ 557-570, ECF No. 1.

The motion is denied as to the first count sixteen[3] regarding Excessive Force (42 U.S.C. § 1983) in its entirety. Compl., ¶¶ 537-541, ECF No. 1.

The motion is denied without prejudice as to count two regarding violations of the 5th Amendment Right to Due Process asserted under 42 U.S.C. § 1983.  Compl. ¶¶ 534-539, ECF No. 1. The motion is also denied as to the second count sixteen with

---

[2] In count seventeen, plaintiff's attorneys incorrectly spell Mr. Fernandez's last name as "Fernando" but given the alleged facts, this count refers to plaintiff Joao Fernandez. Compl. ¶¶ 557-570.

[3] The first count 16 refers to "Count 16: Excessive Force Plaintiff Battistotti Against Defendant Hodgson and Does #25-16 (42 USC § 1983)."  Compl. ¶¶ 537-541.

regards to the plaintiffs Abdoulaye Fall, Carlos Menjivar Rojas, Flavio Andrade Prado Junior, and Joao Fernandez.  The aforementioned individuals were not parties to the settlement agreement that arose from Savino and are therefore not bound by its release language.  Defs.' Bristol County Sheriff's Office, Sheriff Thomas Hodgson, and Superintendent Steven Souza Mot. Dismiss, Exhibit A, ECF No. 4.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE