UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO PILLCO-MOROCHO, ABDOULAYE FALL, DARLIN GUILLERMO, JUAN CARLOS ILLICACHI SHIGLA, DIEGO GALINDO, SEGUNDO ARMIJOS, DIEGO ARMANDO GULLÁN TIXI, MIGUEL LUCAS IXCUNA YAX, LLOYD WAFULA, CONROY DESMOND LEWIS, CARLOS MENJIVAR ROJAS, NUELSON GOMES, FLAVIO ANDRADE PRADO JUNIOR, JANITO DE CARVALHO, JOAO FERNANDES, AIRES DA GRACA, and MARCO BATTISTOTTI, <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL COUNTY SHERIFF'S OFFICE; SHERIFF THOMAS HODGSON, in his individual capacity; SUPERINTENDENT STEVEN SOUZA, in his individual capacity; and OFFICERS DOE #1-26, in their individual capacities, <br><br> Defendants. | Case No.: 1:22-cv-10652-MPK |

**JOINT STATUS REPORT**

Plaintiffs' Position:

On March 25, 2024, this Court entered an Order directing Defendants to produce responses to Plaintiffs' discovery requests—which have been pending since February 2023 and were the subject of three motions to compel—"no later than April 22, 2024." *See* Dkt. 82. This Court further ordered the parties to "file a joint status report no later than April 26, 2024 regarding the status of compliance with this order." *Id.* The Court's order concluded by noting that, "should defendants fail to respond fully to plaintiffs' RFPs in accordance with this order, the court will entertain requests for appropriate sanctions, including fees and costs." *Id.* Plaintiffs come now to

1

report that, as of filing, Defendants have provided documents responsive to only four of Plaintiffs' twelve RFPs and have failed to provide any concrete timeline as to when the rest of these documents, now more than one year overdue, will be produced. Further details are as follows:

On April 21, 2024, Defendants served Plaintiffs with their written responses to Plaintiffs' First Requests for Production (RFPs). These responses included agreements to produce volumes of materials, including video footage covering the incidents at issue in the complaint and materials necessary to identify the outstanding Doe Defendants in this case. On April 22, Defendants followed up with service of 40 documents total in response to RFPs #4 and #5 and one three-page document in response to RFP #9. Notably, none of these documents were Bates stamped. Plaintiffs received no further production from Defendants for any other RFPs and no video footage or other promised materials necessary to identify the Doe Defendants as of this Court's April 22nd deadline.

On April 23, Plaintiffs followed up with Defendants to confirm that the materials they received constituted Defendants' entire intended production and that no materials were missing from what Plaintiffs received. Plaintiffs further reminded Defendants at that time of this Court's April 26th deadline for a joint update. Defendants produced documents responsive to RFP #12 later in the day on April 23rd and indicated that they were continuing to review videos for production (ostensibly for Plaintiffs' RFP #2). They further noted that they "learned today that ICE removed archived documents concerning detainee grievances and complaints from BCSO's storage in 2022" and were still attempting to determine if BCSO might be able to produce those documents. This revelation is particularly concerning to Plaintiffs, as it highlights the delay in any efforts by Defendants to even determine what was available for production until very recently. It also presents questions about spoliation of evidence, since the materials may have been removed after this lawsuit was filed (and when ICE remained a defendant herein) and at minimum was

certainly after numerous FTCA claims around the May 1, 2022 incident had been filed with ICE.

Notwithstanding the parties' continued negotiations and Defendants' assertions that further materials are forthcoming "as quickly as time reasonably permits," Plaintiffs have not received further productions from Defendants prior to filing this status report. In sum, Defendants have fully produced materials for RFP #5. Defendants have asserted that they have completed production under RFP #12; Plaintiffs are in the process of reviewing this production for completeness and are willing to follow up with Defendants through a meet-and-confer process should they uncover any outstanding items. Defendants have provided almost a full production for RFP #4, but they did not provide a COVID-19 policy or the Armory Operations and Security Equipment Storage Procedures policy regarding the storage of chemical agents; Plaintiffs are amenable to following up with Defendants through meet-and-confers to obtain these materials or determine that they do not exist. With respect to RFP #11 (grievances or other complaints made between May 1, 2020 and BCHOC's closure in 2021), Defendants informed Plaintiffs this week that ICE/DHS took possession of documents relevant to this RFP in 2022, and they are determining if they can regain possession of these materials for production. Defendants have offered no timeline for this inquiry. Plaintiffs remain concerned about spoliation of this evidence, as noted above.

The status of the remaining RFPs is as follows:

Objections: As an initial matter, Defendants have stated objections to Plaintiffs' RFPs and have indicated that they are not producing certain materials based on these objections. It has been and remains Plaintiffs' position that, under the law, Defendants waived their objections by failing to respond to the RFPs within 30 days or to seek an extension of that deadline. *See* Fed. R. Civ. P 34(b)(2)(A); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (citing *Slauenwhite v.*

*Bekum Maschinenfabriken, GMBH*, 35 F.R. Serv. 2d 975 (D. Mass. 1983)); *accord Fernandes v. Bouley*, Case No. 20-11612-GAO, 2002 WL 2915702, at *8 n.21 (D. Mass. July 25, 2022). Plaintiffs therefore renew their request for a ruling from this Court that Defendants have waived their objections and must produce all responsive materials in their possession. Plaintiffs are prepared to brief this issue should this Court prefer.

    RFP #1 (seeking BCSO employee rosters, logs, and timesheets): Defendants believe that they have complied with this RFP by providing a list of employees in response to Plaintiffs' ROG #1. However, this list does not provide the information sought in the RFP, which would help Plaintiffs identify the specific Doe Defendants to name and serve them expediently. The delay in obtaining information that would permit Plaintiffs to name the Doe defendants has gone on far too long, and it is critical that Plaintiffs get this information as soon as possible. Plaintiffs have offered that Defendants may fully answer ROG #5 instead of producing documents; Defendants have to date offered only one name in response to ROG #5.

    RFP #2 (video footage from May 1, 2020): Defendants have agreed to produce this material and have asserted that they are in the process of reviewing the footage. It was Plaintiffs' understanding from the February conference before this Court that the Defendants required the extra time the Court granted precisely to review this footage. At that conference over two months ago, Defendants also specifically noted that some of the footage would be produced "very soon," but nothing has been forthcoming in that time period. Plaintiffs have received no explanation for why this footage is still being reviewed beyond the period allotted for the production; Defendants have made no efforts to seek additional time for their production from either Plaintiffs or this Court. Plaintiffs have continued to request a timeline for production but have received no specifics from Defendants.

RFP #3 (incident reports and investigations information from May 1, 2020):  As with RFP #1, these documents are critical for identifying the Doe defendants, as well as for establishing the facts and Defendants' liability for the assaults at the heart of this case.  Defendants have indicated that they continue to review these materials and plan to produce them, but they have offered Plaintiffs no timeline for this continuously delayed production.  This is further concerning because the documents sought in this RFP have already been produced to the Massachusetts Attorney General's Office as part of that Office's investigation of the May 1, 2020 assaults, which culminated in a report issued in December 2020.  *See* Mass. Att'y Gen'l Office, "Investigation Into the Events of May 1, 2020 at the C. Carlos Carreiro Immigration Detention Center, Unit B, Bristol County Sheriff's Office" (Dec. 15, 2020), *available at* https://media.wbur.org/wp/2020/12/EMBARGOED-UNTIL-1230-PM-12.15.20-AGO-Report-into-BCSO-Response-to-May-1-Disturbance-2020-12-15.pdf

RFP #6 (communications, grievances, and vaccination records regarding COVID-19): Defendants believe they have fully responded to this RFP by producing Plaintiffs' medical records.  However, those records do not contain records of the Plaintiffs' written grievances or other communications to the administration about the conditions of their housing and care during the COVID-19 pandemic.  Defendants have therefore not fully responded to this RFP, and this Court should order Defendants to engage in a more complete search and production by a date certain.

RFP #7 (communications about the May 1, 2020 incident):  Defendants have indicated that they are continuing to review documents for production under this RFP, but they have missed the deadline for the production and have not provided Plaintiffs with any indication of their timeline for producing these materials.  This Court should order Defendants to produce these materials immediately.

RFP #8 (all documents produced in and communications about the *Savino* litigation): Defendants have objected to producing any materials in response to this RFP. However, as noted above, Defendants have waived their objections and should be ordered to produce the responsive materials immediately. These materials are relevant to Plaintiffs' COVID-19 claims and have already been produced in other federal litigation, so there should be no basis for withholding those materials here. Defendants should be directed to produce these materials immediately.

RFP #9 (logs of use for assault items on May 1, 2020 incident): Plaintiffs received one three-page document with three lines of handwritten and indecipherable notes that purport to respond to this RFP. It does not appear that this document covers canines, at the very least, or specifically references any other items delineated in this RFP (chemical agents, flash bang grenades, riot gear, or rubber bullets). Defendants have asserted that their production is complete on this RFP, but Plaintiffs believe this production falls woefully below a good faith effort to locate and produce "all logs showing check out, units used, and return of . . . equipment" such as canines, rubber bullets, riot gear, and other disruptive devices. This Court should order Defendants to revisit this RFP and supplement their production.

RFP #10 (communications about closing ICE detention at BCHOC): Defendants have provided no documents responsive to RFP #10 and rest on objections that have been waived. Plaintiffs are willing to work with Defendants through a meet-and-confer process to clarify the request, which seeks information relating to the end of immigration detention at BCHOC, and Defendants should be ordered to produce documents responsive to that clarification immediately after the meet-and-confer process has completed.

As the above summary highlights, Plaintiffs still await substantial productions on their outstanding discovery requests, notwithstanding delays of over a year in this production. Notably,

they still await crucial information to identify, name, and serve the 26 Doe defendants named in the lawsuit. Defendants have now failed to meet three discovery deadlines set by the Court— January 3, February 27, and April 22—and Plaintiffs would like to renew the request in their Third Motion to Compel (Dkt. #80) for sanctions in the form of "directing that [certain facts] be taken as established for purposes of the action," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "rendering a default judgment against the disobedient party," or treating the failure to comply as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). In addition to these sanctions, under the Federal Rules of Civil Procedure, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

      Plaintiffs further note that they still have not received Defendants' initial disclosures, which were due in February, or information about their insurance coverage.

Defendants' Position:

      Defendant Bristol County Sheriff's Office ("BCSO") produced its Responses electronically the morning of Sunday, April 21, 2024 within the time ordered by the Court. Consistent with the agreement of plaintiffs' counsel, BCSO's attorneys have been making production of responsive and discoverable documents on a rolling basis, and will have produced all responsive video footage by this evening, plaintiffs-detainees' complete medical files (hundreds of pages), all responsive BCSO policies requested by the plaintiffs, have identified BCSO employees and contractors working on the day of the subject incident and their positions, have produced armory log sheets requested in discovery have identified the remaining documents to be

produced (approximately 1,000 pp. to be produced) which are being redacted to shield the names, images and personal information of non-party detainees and inmates included in those documents and Bates-stamped for production on Monday. Despite a change in BCSO's General Counsel occurring after the last hearing, BCSO and its attorneys have made their disclosures and will complete their production of responsive documents on Monday, April 29, 2024.

Defendants deny plaintiffs' counsel's assertion that Defendants have waived any of their discovery objections by reason of the timing of their disclosure and production. Plaintiffs' attorneys cite to a District Court decision from 1983 for their oft rejected assertion that a failure to complete discovery compliance serves as a waiver of meritorious discovery objections. A closer examination of relevant cases addressing such claims of waiver reflect that in the few circumstances where a waiver was imposed, the waiver was imposed as a sanction for discovery abuses, and not as a rule of general or even common application. Defendant BCSO has not participated in any discovery abuse, and neither criticism nor sanction against BCSO that would deprive it and the public servants that work for BCSO of protections afforded under law that benefit BCSO, its former non-plaintiff detainees and inmates alike. BCSO has been made to respond and provide information and documents in response to the claims of fourteen individual plaintiffs asserting claims involving alleged events or occurrences that they claim span a period of months. With considerable effort, BCSO has done so ably, thoroughly and within the time allowed by the Court. If Plaintiffs wish to challenge the objections raised by BCSO, the correct way to do so is by motion after an appropriate meet and confer, and not in a status report to the Court.

Addressing particular issues raised by Plaintiffs in their section of this report:

Request No. 1 – Counsel has conferred with BCSO concerning Plaintiffs' refusal to accept the information provided and has decided to provide the roster sought by Plaintiffs. BCSO expects

to produce this on Monday when the names of non-party detainees and inmates have been redacted.

Request No.2 – BCSO has produced all responsive video in its possession and control with the exception of three videos that must be converted from specialized ICE video software. The conversion is being completed today and BCSO expects to produce the remaining videos in a viewable video format this evening.

Request Nos. 3 and 7 – Redaction and Bates-numbering of responsive and discoverable materials is underway and BCSO expects to produce these materials on Monday barring an unexpected technical setback.

Request No. 6 – BCSO has provided the complete medical records for each of the plaintiff detainees which contain the plaintiffs' COVID-19 information. Further, BCSO will produce a further document concerning COVID-19 screening that they are redating to remove the names and personal health information of persons not parties to plaintiffs' claims. This last document will be produced on Monday.

Request No. 8 – BCSO stands on its objections stated in its responses. Plaintiffs' recourse on this request, if any, is appropriately presented in a motion following a meet and confer to attempt to resolve or to narrow the scope of disagreement. No such meet and confer has occurred. Statement of a disagreement in a status report is not a proper means for seeking Court intervention.

Request No. 9 – BCSO has produced the responsive documents within its possession or control.

Request No. 10 – Contrary to Plaintiffs' mistaken supposition the Bristol County House of Correction did not close. If Plaintiffs wish to make a request based on a correct factual predicate, BCSO will respond to that Request in due course. A status report is not a proper means for presenting a willingness to discuss revising a Request that cannot be satisfied and presented to

BCSO. This is especially so where, as here, no meet and confer has taken place.

BCSO has complied substantially with Plaintiffs' discovery requests. Production will be complete on Monday.

Dated: April 26, 2024                                   Respectfully submitted,

*/s/Miriam R. Nemeth*
Miriam R. Nemeth, *admitted pro hac vice*
Oren Nimni (BBO 691821)
Amaris Montes *admitted pro hac vice*
RIGHTS BEHIND BARS
416 Florida Avenue, NW #26152
Washington, D.C. 20001
miriam@rightsbehindbars.org


Benjamin J. Wish (BBO 672743)
Susmita A. Gadre (BBO 705376)
TODD & WELD, LLP
One Federal Street
Boston, MA 02110
bwish@toddweld.com
sgadre@toddweld.com

*Attorneys for the Plaintiffs*

The Defendant,

**BRISTOL COUNTY SHERIFF'S OFFICE,**

By Its attorneys,

/s/  William P. Breen, Jr.
William P. Breen, Jr., BBO #558768
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6800
(617) 342-6899 (facsimile)
wbreen@eckertseamans.com

Dated:  April 26, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, a true and accurate copy of the foregoing has been served on all counsel of record via this Court's CM/ECF electronic filing system.

        Miriam R. Nemeth (*pro hac vice*)
        RIGHTS BEHIND BARS
        416 Florida Ave NW #26152
        Washington, DC 20001
        miriam@rightsbehindbars.org


        /s/  *William P. Breen, Jr.*
        William P. Breen, Jr.