UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO PILLCO-MOROCHO, ABDOULAYE FALL, DARLIN GUILLERMO, JUAN CARLOS ILLICACHI SHIGLA, DIEGO GALINDO, SEGUNDO ARMIJOS, DIEGO ARMANDO GULLÁN TIXI, MIGUEL LUCAS IXCUNA YAX, LLOYD WAFULA, CONROY DESMOND LEWIS, CARLOS MENJIVAR ROJAS, NUELSON GOMES, FLAVIO ANDRADE PRADO JUNIOR, JANITO DE CARVALHO, JOAO FERNANDES, AIRES DA GRACA, and MARCO BATTISTOTTI, <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL COUNTY SHERIFF'S OFFICE; SHERIFF THOMAS HODGSON, in his individual capacity; SUPERINTENDENT STEVEN SOUZA, in his individual capacity; and OFFICERS DOE #1-26, in their individual capacities, <br><br> Defendants. | Case No.: 1:22-cv 10652 |

**PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RESPONSES AND DEPOSITION TESTIMONY**

Plaintiffs now come before this Court, pursuant to Federal Rules of Civil Procedure 26, 30, 33, 34, and 37, and respectfully request that this Court compel Defendants Bristol County Sheriff's Office ("BCSO"), Sheriff Thomas Hodgson, Superintendent Steven Souza, and Officers Does #1-26 (collectively, "Defendants") to provide responses and produce documents for delinquent discovery requests and to produce the noticed and to-date unscheduled individuals for deposition, as can be seen in Exhibit A. Plaintiffs have diligently noticed the numerous depositions they need to take in a timely manner, but Defendants have unreasonably delayed the

scheduling of these necessary depositions. Defendants have also repeatedly failed to provide timely, written responses and have not produced documents responsive to a substantial portion of Plaintiff's discovery requests.

## I. RELEVANT BACKGROUND

### A. Brief Factual Background

The seventeen Plaintiffs in this case were civilly detained by Defendant BCSO in the Bristol County House of Corrections ("BCHOC") under a contract with the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") during the height of the COVID-19 pandemic in 2020. The District of Massachusetts has already found that the conditions of Plaintiffs' detention were unconstitutionally overcrowded and unhygienic, and the court entered a release order that removed dozens of people from the facility as a result. *See Savino v. Souza*, 459 F. Supp. 3d 317, 320 (D. Mass. 2020).

Critically for this case, the *Savino* court's order shortly followed a brutal assault of many of the Plaintiffs in this case by Defendants on May 1, 2020, when Defendants viciously retaliated against these Plaintiffs for raising concerns about their conditions and care during the pandemic. BCSO guards at BCHOC repeatedly sprayed Plaintiffs with pepper spray and pepper bullets, punched and kicked Plaintiffs while they were restrained, deployed attack dogs on Plaintiffs, and then placed numerous Plaintiffs in solitary confinement for weeks without any medical treatment and in some cases without clothing, despite their serious and enduring injuries. In investigating this horrific assault and nightmarish fallout, the Massachusetts Attorney General found widespread constitutional violations, and the federal government removed all ICE detainees from this facility. *See* First Am. Compl., Dkt. #74, at 2; *see also* Ex. B, Mass. Att'y Gen'l Office, "Investigation Into the Events of May 1, 2020 at the C. Carlos Carreiro Immigration Detention Center, Unit B, Bristol County Sheriff's Office" (Dec. 15, 2020) ("Mass. AGO Report").

2

Plaintiffs filed the present case in April 2022 seeking redress for the harms they suffered at the hands of Defendants in the May 2020 attack.

### B. Relevant Procedural History

Since serving their discovery requests over two years ago, Plaintiffs have worked diligently to obtain the necessary documents from Defense counsel and to take the depositions they have timely noticed. Defendants have been consistently unresponsive or late to respond, resulting in Plaintiffs having filed four prior motions to compel before receiving any documents responsive to their First Requests for Production of Documents. *See* Dkt. # 46 (filed April 28, 2023); Dkt. #69 (filed January 24, 2024); Dkt. #80 (filed March 1, 2024); Dkt #91 (filed May 28, 2024, withdrawn June 24, 2024). These prior motions outline in detail the actions Plaintiffs took to obtain the discovery prior to the current dispute and document Defendants' failure to comply with discovery deadlines set by this Court in Dkt. #63 and Dkt. #73. *Id.*

Given the extensive discovery required in this case, as well as the potential for mediation, on June 12, 2024, the parties filed a Joint Motion to Extend Scheduling Deadlines, which was granted and resulted in a deposition and discovery closure date of February 28, 2025. *See* Dkt. 97, 98. On August 28, 2024, both parties filed a Joint Motion to Extend Scheduling Deadlines following an extension of the mediation date, which was granted and provided new deadlines contingent upon the outcome of arbitration. *See* Dkt. 111, 112. After an unsuccessful mediation on October 29, 2024, the Court set new deadlines, which set a deposition and discovery closure date of March 14, 2025. *See* Dkt. 122. Within that time period, Plaintiffs sought a brief two-week extension of the expert disclosure deadlines, which specifically did not modify the overall case management dates. *See* Dkt. 123, 124.

During a status conference on March 6, 2025, the Court extended the deposition and discovery closure date one final time to June 6, 2025. Dkt. 131. In this conference, the Court noted that "Counsel for defendants states that he will provide answers to certain outstanding discovery requests by early next week." *Id.* The Court thus ordered the parties "to meet and confer as soon as possible on any outstanding discovery. Any discovery issues that cannot be resolved must be addressed by plaintiffs in a motion to compel due next Friday, March 14, 2025."[1] *Id.* Due to ongoing meet-and-confers and initial productions by Defendants, Plaintiffs sought an assented-to extension of the motion to compel deadline to March 21, 2025. Dkt. 135, 138.

## C. Plaintiffs' Efforts to Complete Their Noticed Depositions

Plaintiffs noticed their first deposition in the case—of Defendant Thomas Hodgson—on July 18, 2024. Exhibit A (Deposition Notice Service Emails). Plaintiffs worked diligently over the next few weeks and months to determine which individuals were relevant to depose and sent Defendants additional notices on August 19, 2024, September 18, 2024, November 18, 2024, January 17, 2025, and February 19, 2025. *See id.* Upon sending these notices, Plaintiffs consistently followed up via electronic mail and phone calls to finalize deposition times, oftentimes making multiple requests for dates each week during this six-month period. *See* Exhibit B (Deposition Scheduling Emails). Notwithstanding the reasonable notice and consistent follow-up efforts made by Plaintiffs' counsel, Defendants have provided dates sufficient to take only about one-third of the noticed depositions in the over-seven-month period since Plaintiffs

---

[1] The Court also ordered that Defendants must serve their deposition notices on Plaintiffs on or before March 13, 2025. Dkt. 131. Defendants did not serve these notices until March 14, 2025, all with dates after April 7, 2025. Plaintiffs nonetheless remain willing to work with Defendants to produce the requested deponents, but the dates several weeks out concern Plaintiffs that Defendants may not have any available dates for depositions prior to April 7, putting a major time crunch on the already outstanding depositions and further necessitating Court intervention.

4

served their first deposition notice. *See id.* Plaintiffs have made every effort to take advantage of the few dates provided.

As of the filing of this motion, Plaintiffs have not been able to schedule the depositions of over 20 individuals, as listed in Exhibit C (Spreadsheet of Outstanding Depositions), despite consistently following up with counsel for Defendants and modifying their own schedules to utilize as many dates as possible. Although Plaintiffs are sympathetic to scheduling issues, Defendants have been on notice of the majority of these depositions for several months. At least seven of the notices, including the 30(b)(6) notice, were served over three months ago, and dates have not yet been scheduled for them.

Without being able to depose all the relevant individuals who have information pertinent to the case—or even a truncated list of those noticed depositions from which Plaintiffs are currently working in an attempt to meet this Court's deadlines and conserve resources—Plaintiffs are being denied the ability to effectively prosecute their case in a timely manner. This is particularly concerning when viewed in light of Defendants' ongoing delay in this case, which has forced deeply harmed Plaintiffs to suffer needless delay of several additional years in litigation to reach a resolution of this matter. Plaintiffs require the Court's action to ensure that these depositions can move forward in a timely manner and be completed by a date certain.

### D. Plaintiffs' Efforts to Obtain Discovery

Defendants' responses to Plaintiffs' discovery requests are overwhelmingly delinquent, as summarized in the chart below:

| Plaintiffs' Discovery Request | Date Submitted to Defendants | Deadline for Defendants' Response | Outstanding Delinquencies in Defendants' Response |
|---|---|---|---|
| First Set of Requests for Production | February 13, 2023 (re-served on December 5, 2023) | March 13, 2023 (or, at the latest, January 4, 2024) | Outstanding document production (individual items) |
| First Set of Requests for Interrogatories | February 13, 2023 (re-served on December 5, 2023) | March 13, 2023 (or, at the latest, January 4, 2024) | None |
| Second Set of Requests for Production | August 29, 2024 | September 30, 2024 | No written response, and Plaintiffs await confirmation of complete production on one RFP |
| Second Set of Requests for Interrogatories | August 29, 2024 | September 30, 2024 | No written response |
| Third Request for Production | January 13, 2025 | February 12, 2025 | No written response, outstanding production on numerous requests |
| Third Set of Requests for Interrogatories | January 13, 2025 | February 12, 2025 | Written response served at approximately 2:45pm on March 21, 2025, the day that this motion is due to be filed |

Plaintiffs served counsel for Defendants with a letter outlining these deficiencies on February 24, 2025, and counsel for the parties met and conferred about these issues on February 27 and March 7, 2025. At that time, and in a follow-up email thereto, Plaintiffs' counsel reminded Defense counsel of the various outstanding discovery matters, including items from the deficiency letter and some other individual items. At a further meet-and-confer on March 10,

6

2025, Defense counsel agreed to produce the outstanding materials on a rolling basis throughout the week, completing by Friday, March 14, 2025. The parties convened again for a meet-and-confer on Thursday, March 13. Although some production had been completed, Plaintiffs still had not received any written responses, and it became clear during the parties' conversation about each specific outstanding request for production that Defendants' document production would roll into the following week.

On Monday, March 17, Plaintiffs followed up with Defendants about the outstanding items that had been promised by the close of business the prior week, reminded Defendants of the upcoming motion to compel deadline, and requested a further meet-and-confer later in the week. Plaintiffs followed up on this request again the following day, having also received no further production in the interim. The parties were able to meet-and-confer again—and narrowed many issues for this Court's review—on March 20, 2025. However, as this Motion reflects, several items remain outstanding.[2]

Although the parties continue to discuss these matters, as of this Court's deadline for Plaintiffs' motion to compel, Plaintiffs have not received many of the outstanding items addressed in the parties' meet and confers, including specifically written responses to interrogatories and written responses and document productions responsive to at least RFPs No. 19, 22, 24, 25, 26, and 27. Notably, this contravenes the assurances Defendants gave to the Court on March 6, 2025 that discovery materials would be produced "by early next week," as those dates have already

---

[2] The parties continue to negotiate responses around RFPs No. 4, 20, and 30. On RFP No. 4, the parties agreed to an addendum to the protective order prior to Defendants' production; that addendum has been filed with this Court today, and Plaintiffs anticipate that production will be forthcoming there. With respect to RFP No. 20, the parties agreed that Plaintiffs would provide Defendants with search terms, which they did on March 20, 2025. The parties are continuing to negotiate the scope and relevant information available under RFP 30. Plaintiffs believe that none of these items are yet ripe for judicial review, and they may request leave to file a further motion to compel on these items if the parties are unable to reach resolution in the near future.

passed. Dkt. 131. Plaintiffs thus lack any assurances that the relevant, critical, and timely requested discovery will be produced without a further order from this Court.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In the event that a party has failed to make the relevant disclosures, another party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(1). A party may move to compel discovery where another party fails to respond to a discovery request or where the response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(3)(4). A party may also move to compel discovery where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(b)(4). A party may depose a person via oral questions as long as they give "reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).

Aligned with these values, Rule 37 permits a court to impose sanctions where a party "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(A). In response, the Court "may issue further just orders." *Id.* The Court may also order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). In addition to these sanctions, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

8

Courts consider several factors when granting sanctions: "On the substantive side, these may include *the severity of the discovery violations*, legitimacy of the party's excuse for failing to comply, *repetition of violations*, deliberateness of the misconduct, mitigating excuses, *prejudice to the other party and to the operations of the court*, and adequacy of lesser sanctions. . . . Procedurally, factors may include whether the district court gave the offending party *notice of the possibility of sanctions* and the opportunity to explain its misconduct and argue against the imposition of such a penalty." *Costa v. Saki, LLC*, No. 21-10154, 2022 WL 4237525, at *5 (D. Mass. Sept. 14, 2022) (internal quotations and citations omitted) (emphasis added).

### III.  ARGUMENT

#### A. Defendants Should Be Required to Schedule all Noticed Depositions By A Date Certain Set By This Court

Defendants have shown a pattern of failing to comply with multiple Court-ordered deadlines and nearly every deadline negotiated between the parties. Given this history, Plaintiffs are concerned that, absent consequences, Defendants will fail to meet additional discovery deadlines set by this Court or agreed to between the parties. Although Plaintiffs provided more than reasonable notice and made numerous attempts to notice and schedule depositions in a timely manner, Defendants have not been cooperative in supplying sufficient dates to meet the requested notices within the discovery period established and already elongated several times by this Court. Despite Plaintiffs' best efforts to complete discovery in the time period ordered by the Court, it does not seem feasible that the remaining depositions—even as streamlined by Plaintiffs and particularly if new Defendants are added to this matter[3]—will happen in the remaining time allotted for discovery.

---

[3] This is further true when considering the need to also schedule depositions of Plaintiffs and Plaintiffs' experts. Should this Court grant Plaintiffs' Motion for Leave to File a Second Amended Complaint, Plaintiffs may seek to depose individuals not already noticed. However, to ensure judicious use of the

9

In both this instance and over the course of this case, Plaintiffs have been hamstrung in their efforts to prosecute this case. Plaintiffs have suffered—and continue to suffer—grievous physical and emotional harms from Defendants' illegal and unconstitutional assaults on them, and Plaintiffs should not be so thwarted in pursuing a resolution to their travails in this Court. In such an instance, it is appropriate for the Court to order that all Plaintiffs' noticed depositions be completed by a date certain and that the parties notify the Court after the depositions have been completed. *See, e.g., One World, LLC v. Manolakos*, No. 1:20-cv-11837-JEK, 2024 WL 3458347, at *1 (D. Mass. 2024) (ordering depositions by a certain date and requiring parties "to notify the Court that the depositions had occurred, by filing a notice on the docket within three days of the depositions."); *Hart v. Verizon Commc'ns, Inc.*, No. 02-11483-RWZ, 2003 WL 1798184, at *1 (D. Mass. Apr. 4, 2003) ("Plaintiff and counsel for defendant shall arrange a reasonable schedule for these depositions . . . ."); *Travelers Rental Co. v. Ford Motor Co.*, 116 F.R.D. 140, 147 (D. Mass. 1987) ("Counsel shall notify the court [by relevant date] of the date or dates which have been set aside for these depositions.").

Thus, Plaintiffs respectfully request that the Court compel Defendants to provide dates for the noticed and unscheduled depositions to take place on or before May 10, 2025. Additionally, Plaintiffs request that they be allowed to complete the majority of their noticed depositions before Defendants are permitted to depose Plaintiffs under their late-served deposition notices. *See Horgan v. A. T. O., Inc.*, No. 74-1608-S, 1977 U.S. Dist. LEXIS 17865, at *4 (D. Mass. Jan. 17, 1977) (finding that "in the absence of special circumstances, deposition and discovery . . . should proceed in the order demanded, although the party first to give notice has discovery priority unless there are such special circumstances.") (citations omitted). Plaintiffs

---

resources available to all parties, Plaintiffs are carefully assessing whether it is possible to forgo any of their noticed depositions.

are willing and ready to inform the Court of the completion of these depositions and provide any updates on scheduling that the Court may request.

### B. Defendants Should be Compelled to Provide Written Responses to Plaintiffs' Second and Third Sets of Requests for Production and Interrogatories and Should be Prohibited from Objecting to Those Requests.

On August 29, 2024, Plaintiffs served Defendants with their Second Requests for Production (Nos. 13 through 17) and Second Interrogatories (Nos. 6 through 9). Defendants' responses were due on September 30, 2024. Defendants have yet to provide any response to any of these requests.

Similarly, on January 13, 2025, Plaintiffs served Defendants with their Third Set of Requests for Production (Nos. 18 through 30) and Third Set of Interrogatories (Nos. 10 through 22). Defendants' responses were due 30 days later, on February 12, 2025. Defendants have yet to respond to Plaintiffs Third Set of Interrogatories and only provided a written response to Plaintiffs Third Set of Requests for Production at approximately 2:45pm on March 21, 2025, the day this Motion is due to be filed.

Defendants' failure to produce timely written responses to these discovery requests constitutes a waiver of all objections that could have been made to those requests under the Federal Rules of Civil Procedure that govern interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 34(b)(2)(A)-(C), notes to the 2015 amendments (stating these provisions of Rule 34 "adopt[] the language of Rule 33(b)(4)"). This Court should direct Defendants to respond to the discovery requests immediately and should deem all Defendants' objections to be waived, given the extensive delay at issue here.

Plaintiffs further request this Court's leniency to file a further motion to compel on the substance of these written responses after they have been produced. Without the ability to review them, Plaintiffs cannot at this time address all possible outstanding discovery issues in this Motion. *See* Dkt. 131.

### C. Defendants Should be Compelled to Complete Their Document Production Immediately

Defendants' document productions have now been overdue for at least a month (as to the Third Set) and over six months (as to the Second Set), notwithstanding Plaintiffs' exhaustive efforts to seek and follow-up on those productions. Although the parties have been able to narrow the issues for this Court's review over the series of recent meet-and-confers described above and following productions by Defendants on October 8, 2024 and March 7, 13, 14, and 18 2025, the following items remain outstanding:

- RFP No. 19 (discipline and training records for all staff present on May 1, per the parties' agreement to narrow this request[4]): No documents have been produced as of the date of this motion.

- RFP No. 22 (internal inspections and audits of any housing locations for ICE detainees): No documents have been produced as of the date of this motion.

- RFP No. 24 (housing decisions—narrowed to 5/1 to end of ICE contract, can revisit for non-ICE B if we don't settle)

- RFP No. 25 (medical staff training records): No documents have been produced as of the date of this motion.

- RFP No. 26 (less-lethal weapons guides and training materials): Defendants produced the guides on March 14, 2025 but have not yet produced any of the requested training materials.

- RFP No. 27 (other similar incident records—limited to the 2001 and 2023 incidents by Plaintiffs during a meet-and-confer): Defendants are indexing the documents in their possession for review prior to production. Plaintiffs have received no update or timeline for this process—which Plaintiffs understood was

---

[4] The full text of all Plaintiffs' Requests for Production are reproduced in Exhibit D (Plaintiffs' RFPs).

12

>the only item necessitating an extension of this motion deadline—nor have they received any documents responsive to this Request.[5]

The documents that remain outstanding are relevant to Plaintiffs' claims—the COVID claim and the excessive force claims—and are not overly burdensome to Defendants, particularly after Plaintiffs agreed to narrow several of these requests during the parties' meet-and-confer. Plaintiffs are entitled to receive these overdue materials as soon as possible, so that they can use them in the remaining depositions of Defendants and their witnesses. Defendants should be directed to produce all outstanding materials by a date certain, ideally within one or two weeks of this Court's order.

### D. The Court Should Impose Sanctions Because of Defendants' Repeated Delays in Scheduling Depositions, Responding to Written Discovery Requests, and Producing Responsive Documents

Defendants have not only delayed the scheduling of depositions, but they have also repeatedly and over an extended period of time delayed production and missed multiple deadlines to respond to Plaintiffs' written discovery requests, despite both Plaintiffs' reminders and the Court's orders to do so. *See supra* Section I. Defendants have identified no justifiable reason for their delays. This extenuating and deleterious timeline strongly supports granting sanctions when considering the substantive and procedural factors previously outlined by courts in this District. *See, e.g.*, *Costa*, 2022 WL 4237525, at *5-6 (considering defendant's numerous missed deadlines and lack of adequate explanations for delays in granting motion for sanctions).

---

[5] In their Responses to Plaintiffs' Third Set of Requests for Production, Defendants object to RFP No. 27 as overly broad and not relevant to the claims at issue in this case. Documents and information related to similar incidents are relevant, as they will shed light on whether the use of force that occurred on May 1, 2020, was extraordinary or whether BCHOC has a history of responding with excessive force. In discussions with Defendants, Plaintiffs have also agreed to limit the request to two incidents that occurred in 2001 and 2023.

13

Substantive factors that this Court should consider include: "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." *Id.* at *5. As to the severity factor, Defendants have failed to provide any written responses at all and, as to many requests for production, any documents at all. This total lack of compliance with discovery certainly demonstrates a high level of severity, particularly since Plaintiffs have been forced to take depositions without many relevant documents. Defendants have provided no basis for their failure to comply with discovery deadlines, outside of noting that they are busy with other cases or personal matters like vacations. Such explanations are not legitimate in the face of the serious harms suffered by Plaintiffs in this case. Defendants' discovery violations, as noted throughout this motion, are repeated and have prejudiced Plaintiffs as they have been forced to take incomplete depositions in order to keep this case moving. Finally, Defendants' delay has also been prejudicial to the operations of this Court, which has now had to move established case management deadlines—despite multiple warnings—to accommodate this delay.

*Costa*'s procedural factors—notice to the "offending party" and the opportunity to explain and argue against sanctions—also support sanctions here. *Id.* at *6. Defendants are well aware of the possibility of sanctions, given that such possibility has been mentioned in Plaintiffs' prior motions to compel (Dkt. #46, 69, 80, 91) and the Court's orders (Dkt. #82, 88, 90). *See id.* at *6 (considering that Defendants were on notice of possibility of sanctions via response to the motion to compel and in other status reports).

This Court should order sanctions it deems appropriate, including but not limited to (a) ordering Defendants to pay Plaintiffs' reasonable attorneys' fees and costs incurred in

14

repeatedly seeking responses to this discovery and filing now five motions to compel and for sanctions to obtain them, and (b) deeming Defendants' objections to written discovery waived. *See Ruiz v. Principal Fin. Grp.*, No. 12-CV-40069-TSH, 2013 WL 6524655 (D. Mass. Dec. 10, 2013) (ordering deposition to be scheduled and allowing request for reimbursement of the reasonable expenses incurred in filing the motion to compel and the motion for sanctions where other party had delayed discovery); *see Costa*, 2022 WL 4237525 at *5-7 (granting motion for sanctions and attorneys' fees and costs where defendants missed multiple deadlines and demonstrated they were "unwilling to participate in the discovery process in good faith and in compliance with court orders"); *Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*, No. 17-12301, 2022 WL 18028105, at *4 (D. Mass. May 17, 2022) (finding award of attorneys' fees and costs appropriate where it was the "fourth time [defendant and third-party plaintiff] has been forced to move to compel Plaintiffs to produce documents improperly withheld.")

## IV.   CONCLUSION

The time has long passed for Defendants to have produced the discovery requested by Plaintiffs in this lawsuit, and Plaintiffs now require court intervention to protect their ability to prosecute this matter.

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order:

(1) Compelling the Defendants to provide dates for the depositions that have been noticed by Plaintiffs and not yet scheduled;

(2) Setting a date certain by which depositions must be completed by and the manner in which the Court should be informed of such;

(3) Allowing for Plaintiffs to complete the majority of their noticed depositions before Defendants are allowed to take their late-noticed depositions;

(4) Ordering that Defendants have waived all objections to Plaintiffs' Second Requests for Production, Second Interrogatories, Third Requests for Production, and Third Interrogatories due to Defendants' failure to timely respond as required by Fed. R. Civ. P. 33(b)(4) and Fed R. Civ. P. 34(b)(2)(A-C);

(5) Compelling Defendants to provide prompt responses to Plaintiffs' written discovery requests as detailed above, specifically including written responses to Plaintiffs' First Requests for Production, Second Requests for Production, Second Interrogatories, Third Requests for Production, and Third Interrogatories, as well as documents in response to the Second and Third Requests for Production.

(6) Granting Plaintiffs the following sanctions for Defendants' noncompliance with their discovery obligations under the Federal Rules of Civil Procedure and with this Court's orders regarding the same, including but not limited to

   a. reasonable attorneys' fees and expenses incurred in bringing this motion and Plaintiffs' prior Motions to Compel;

   b. a ruling deeming Defendants' objections to Plaintiffs' written discovery waived; and

   c. Any other sanctions this Court deems appropriate.

(7) Granting such other relief as is just and appropriate under the circumstances.

Dated: March 21, 2025                          Respectfully submitted,

*/s/Jennifer Ware-Phillips*
Jennifer Ware-Phillips (BBO #713772)
Elena Plenefisch (BBO #713550)
Joel M. Cohen, *admitted pro hac vice*
WHITE & CASE, LLP
75 State Street, Floor 23
Boston, MA 02109

jennifer.ware@whitecase.com
elena.plenefisch@whitecase.com
joel.cohen@whitecase.com

Miriam R. Nemeth, *admitted pro hac vice*
Lillian Novak, *admitted pro hac vice*
Lydia Wright, *admitted pro hac vice*
RIGHTS BEHIND BARS
1800 M Street NW Front 1 #33821
Washington, D.C. 20033
miriam@rightsbehindbars.org
lily@rightsbehindbars.org
lydia@rightsbehindbars.org

Benjamin J. Wish (BBO #672743)
Liana LaMattina (BBO #705556)
Susmita A. Gadre (BBO #705376)
TODD & WELD, LLP
One Federal Street
Boston, MA 02110
bwish@toddweld.com
sgadre@toddweld.com

*Attorneys for the Plaintiffs*

## **LOCAL RULE 37.1 CERTIFICATION**

As required by Local Rule 37.1, counsel for Plaintiffs met and conferred with counsel for Defendants on February 27, March 7, March 10, March 13, and March 20, 2025 to narrow the issues before this Court and to attempt to resolve the issues identified above.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025, a true and accurate copy of the foregoing has been served on all counsel of record via this Court's CM/ECF electronic filing system.

Dated: March 21, 2025

*/s/Jennifer Ware-Phillips*
Jennifer Ware-Phillips
