**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARIO PILLCO-MOROCHO, ABDOULAYE FALL, DARLIN GUILLERMO, JUAN CARLOS ILLICACHI SHIGLA, DIEGO GALINDO, SEGUNDO ARMIJOS, DIEGO ARMANDO GULLÁN TIXI, MIGUEL LUCAS IXCUNA YAX, LLOYD WAFULA, CONROY DESMOND LEWIS, CARLOS MENJIVAR ROJAS, NUELSON GOMES, FLAVIO ANDRADE PRADO JUNIOR, JANITO DE CARVALHO, JOAO FERNANDES, AIRES DA GRACA AND MARCO BATTISTOTTI, | |
| | Civil No.: 22-cv-10652-MPK[1] |
| Plaintiffs, | |
| v. | |
| BRISTOL COUNTY SHERIFF'S OFFICE; SHERIFF THOMAS HODGSON, IN HIS INDIVIDUAL CAPACITY; SUPERINTENDENT STEVEN SOUZA, IN HIS INDIVIDUAL CAPACITY; AND OFFICERS DOE #1-26, IN THEIR INDIVIDUAL CAPACITIES, | |
| Defendants. | |

ORDER ON PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT (#137)

KELLEY, U.S.M.J.

Plaintiffs were detainees at the Bristol County House of Correction ("BCHOC") in 2020, during the height of the COVID-19 pandemic. They allegedly suffered unsanitary and dangerous living conditions, and when they raised concerns about the conditions, defendants physically

---

[1] Present plaintiffs and present and former defendants, with the exception of the Doe defendants, have consented to this court conducting all further proceedings in this case, including trial and entry of final judgment. (##51, 62.)

attacked them on May 1, 2020. (#1, original complaint ("OC")); *see also* #74, first amended complaint ("FAC"); #137-2, proposed second amended complaint ("PSAC").) The attacks against plaintiffs allegedly included the deployment of flash bang grenades, chemical agents, pepper-ball launchers, anti-riot shields, and K-9s. (#1 ¶¶ 135-194.) Before the court is plaintiffs' motion for leave to file the PSAC. (#137.) Defendants oppose. (#153.) Although their opposition was filed over three weeks late, the court heard argument on the motion on April 25, 2025 and took it under advisement. (#154.) For the reasons explained below, plaintiffs' motion is ALLOWED in part, (concerning the request to add new defendants and claims), and DENIED in part, (concerning the request to add a new plaintiff).

I.    Relevant History.

On April 29, 2022, plaintiffs filed the OC against identified federal defendants[2] and identified state defendants,[3] as well as unidentified "Doe" defendants.[4] (#1.) Following adjudication of the identified federal and state defendants' motions to dismiss by District Judge Young, *see* ##16, 20, 26, 46, with assent of the identified state defendants' counsel, *see* #71 at 2, n.1,[5] and leave of this court, *see* #73, plaintiffs filed the FAC. Like the OC, the FAC detailed

---

[2] The United States; the Department of Homeland Security ("DHS"); Immigration and Customs Enforcement ("ICE"), and Boston Field Office Director Todd Lyons. (#1 ¶¶ 21-23, 25.)

[3] The Bristol County Sheriff's Office ("BCSO"); Sheriff Thomas Hodgson; BCHOC Superintendent Steven Souza. (#1 ¶¶ 24, 26-27.)

[4] The "Parties" section listed Does #1-2, alleged to be Sheriff's Response Team ("SRT") members, and Does #3-24, alleged to be BCSO officers. (#1 ¶¶ 28-29.) The OC also clearly attempted to reach alleged conduct of Does #25-26, *see*, *e.g.*, #1 ¶¶ 537-541, who were listed in the caption, *see id.* at 1.

[5] The FAC reserved plaintiffs' right to seek to implead the United States, DHS, and ICE after discovery, but named only state defendants, identified and unidentified. (#74 at 1, n.1, ¶¶ 21-26.) Again, the "Parties" section listed Does #1-24. (#74 ¶¶ 24-26.) However, the FAC also clearly

violence at BCHOC on May 1, 2020. (#74 ¶¶ 130-189.) Plaintiffs acknowledge that some relief has been provided with respect to these events,[6] but they still seek compensation. (#74 at 3.)

Although the present motion comes nearly three years after the commencement of this action, plaintiffs indicated that they would be seeking a second amendment at the time of the first, at least to name the Doe defendants. *See* #71 at 4. Moreover, the court accepts plaintiffs' proffer regarding their efforts to obtain discovery, without which they could not name defendants and describe their alleged roles in the relevant events, and defendants' significant delays in producing it, and plaintiffs' proffer that even with the discovery, naming defendants was difficult. *See* #137-1 at 8-10.

II.    Plaintiffs' Proposed Second Amended Complaint.

Compared to the FAC, the PSAC:

• Adds as a plaintiff Eduardo Tejada Alarcón, a detainee;[7]

• Eliminates the Doe defendants and specifically names, in addition to BSCO and Hodgson and Souza, in their individual capacities, these current or former BSCO employees, in their individual capacities: Special Sheriff Bruce Assad; Deputy Superintendent Joseph Oliver, III; Assistant Deputy Superintendent and Director of Medical Services Judith Borges; SRT Assistant Commander Barry Ferreira; SRT Alpha Squad Leader Joshua Sylvia; SRT Bravo Squad Leader Douglas Mongeon; SRT Team Leaders Christopher Goncalves, Nelson Cabral, Michael Goncalves, and Moises Isidoro; SRT Officers Timothy Melo, Matthew Boyer, and Mark Amaral;

---

attempted to reach alleged conduct of Does #25-26, *see*, *e.g.*, #74 ¶¶ 537-541, who were listed in the caption, *see id*. at 1.

[6] Among other relief, *see* #74 at 3, Judge Young released dozens of detainees when granting a preliminary injunction in *Savino v. Souza*, 459 F. Supp. 3d 317 (D. Mass. 2020).

[7] *Compare* #74 ¶¶ 4-20 with #137-2 ¶ 4(B)(1)-(18).

Captain of the K-9 Division Paul Douglas; K-9 Officers Kenneth Almeida, William Dillingham, and Ryan Isherwood; Lieutenant Jennifer Picard; Sergeant in the Special Investigations Unit Jonathan Allard; Watch Commander Joshua Dube; and Corrections Officers Andrew Sousa, Garrett Correia, Charles Griswold, and Nolan Reardon.

• Because previously unnamed defendants are now named and in light of discovery, pleads in greater detail the factual basis for the legal claims, *see* #137 at 9-10, 13; and

• Adds new legal claims allegedly related to the old one, that is, concerning BCSO's allegedly inadequate response to the COVID-19 pandemic and the events of May 1, 2020. Count I of the PSAC against all individual defendants alleges "Excessive Force (42 U.S.C. § 1983, Personal Liability)," *see* #137-2 ¶¶ 531-557; Count II against certain individual defendants alleges "Excessive Force (42 U.S.C. § 1983, Supervisory Liability – Primary Violators)," *see* #137-2 ¶¶ 558-565; Count III against certain individual defendants alleges "Excessive Force (42 U.S.C. § 1983, Supervisory Liability – Failure to Supervise, Train, and Hire)," *see* #137-2 ¶¶ 566-576; Count IV against all individual defendants alleges "Failure to Intervene (42 U.S.C. § 1983)," *see* #137-2 ¶¶ 577-588; Count V against all individual defendants alleges "First Amendment Retaliation (42 U.S.C. § 1983)," *see* #137-2 ¶¶ 589-598; Count VI against Hodson and Souza alleges "Unlawful Punishment; Freedom from Cruel Treatment and Conditions of Confinement (42 U.S.C. § 1983)," *see* #137-2 ¶¶ 599-607; Count VII against BCSO alleges "Violation of Rehabilitation Act (29 U.S.C. § 794)," *see* #137-2 ¶¶ 608-624; and Count VIII against all individual defendants alleges battery, assault, and intentional infliction of emotional distress, *see id.* ¶¶ 625-633. The FAC raised excessive force, substantive due process, and Rehabilitation Act claims. *See* #74 at 58-70. By comparison, the supervisory liability theories are now pled, and the failure to intervene, the First Amendment, and the tort claims are new.

III.    <u>Legal Standard</u>.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading should be "freely give[n]" "when justice so requires." A court has discretion to deny a motion for leave to amend based on, for example, undue delay or bad faith on the movant's part, futility of the amendment, or undue prejudice to the non-movant. *See Nikitine v. Wilmington Tr. Co*., 715 F.3d 388, 390 (1st Cir. 2013) (quoting *Palmer v. Champion Mortg*., 465 F.3d 24, 30 (1st Cir. 2006)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The addition of new defendants or new claims closely related to old claims is generally permissible under Rule 15(a)(2). *Palacio v. City of Springfield*, 25 F. Supp. 3d 163, 165 (D. Mass. 2014) (Neiman, M.J.) (involving the elimination of four Doe defendants and addition of five newly named defendants); *see Savoy v. White*, 139 FR.D. 265, 169 (D. Mass. 1991) (Bowler, M.J.) (closely related new claims). The addition of new plaintiffs is governed by the Rule 15(a)(2) considerations. *See Sharp v. Deutsche Bank Nat. Trust Co*., #14-cv-369-LM, 2015 WL 4771291, at *3 (D. N.H. Aug. 11, 2015) ("Because the proposed amendment seeks to add a new party, 'the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party….' However, the same standard of liberality applies under either Rule 15(a) or 21") (cleaned up) (citations omitted).

Plaintiffs acknowledge that they move to amend, once again, outside the applicable statutes of limitations.[8] They argue that the PSAC "relates back" to the date of the OC, which was filed within the applicable statutes of limitations, in 2022. (#137-1 at 20-23; *see* #1.)

---

[8] Massachusetts law sets a three-year statute of limitations for personal injury claims, Mass. Gen. Laws ch. 260, § 2A, which federal courts apply to 42 U.S.C. § 1983 and Rehabilitation Act claims arising in Massachusetts. *See*, *e.g.*, *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001) (§ 1983); *J.S.H. v. Newton*, 654 F. Supp. 3d 7, 16 & n.4 (D. Mass. 2023) (Rehabilitation Act; a three-year statute of limitations would also apply based on the Massachusetts anti-discrimination statute,

Fed. R. Civ. P. 15(c)(1)(A) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when…the law that provides the applicable statute of limitation allows relation back."[9] This section may be available in federal question cases, like this one, when, as here, state law provides the applicable statutes of limitations. *Palacio*, 25 F. Supp. 3d at 167-168 (involving § 1983 claim) (citing, *inter alia*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) ("Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of limitations law that provides the applicable statute of limitations. As discussed…, § 1983 derives its statute of limitations from state law. Thus, under Rule 15(c)(1)(A), we must determine if New York law provides a 'more forgiving principal of relation back' in the John Doe context, compared to the federal related back doctrine under Rule 15(c)(1)(C)") (emphasis in original); *see Paulay v. John T Mather Mem. Hosp.*, #14-cv-5613-SJF-AYS, 2016 WL 1445384, at *6 (E.D. N.Y. Mar. 14, 2016) (Shields, M.J.) (invoking Rule 15(c)(1)(A) where plaintiff alleged state law and Rehabilitation Act claims), *report*

---

Mass. Gen. Laws ch. 151, § 9). At least with regard to the events of May 1, 2020, the statute of limitations expired in 2023. As noted, the court allowed leave to file the FAC, in 2024, with the identified state defendants' assent. *See* ##71, 73.

[9] Fed. R. Civ. P. 15(c)(1)(B) permits relation back of an amendment asserting "a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." This section does not apply to amendments that simply seek to name Doe defendants. *See, e.g.*, *Murphy v. Strafford Cty.*, #19-cv-1162-PB, 2022 WL 124673, at *2 (D. N.H. Jan. 13, 2022) (substitution of an identified for a Doe defendant adds a new party) (citing, *inter alia*, *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (this section "allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new party'") (emphasis omitted)).

Under Fed. R. Civ. P. 15(c)(1)(C), for an amended complaint adding a new party to relate back to the original, various conditions must be met, including that the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Courts have held that a party claiming ignorance of the name of a Doe defendant cannot show that he made "a mistake concerning the proper party's identity." *See, e.g.*, *Murphy*, 2022 WL 124673, at *2; *but see Palacio*, 25 F. Supp. 3d at 166-167 (noting competing authority).

*and recommendation adopted*, 2016 WL 1449648 (E.D. N.Y. Apr. 12, 2016) (Feuerstein, D.J.);

*Best v. Bell*, #13-cv-0163-JPO, 2014 WL 1316773, at *9 (S.D. N.Y. Mar. 28, 2014) (similar); *see*

*generally Coons v. Indus. Knife Co.*, 620 F.3d 38, 42 (1st Cir. 2010) ("We have described the

choice between [Rule 15(c)(1)(A) and (c)(1)(C)] as 'a one-way ratchet,' meaning that a party is

entitled to invoke the more permissive relation back rule, whether that is the state rule or the federal

rule set out in Rule 15(c)(1)(C)") (citations omitted).[10]

> Massachusetts law allows relation back. Thus, Mass. R. Civ. P. 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the
> conduct, transaction, or occurrence set forth or attempted to be set forth in the
> original pleading, the amendment (*including an amendment changing a party*)
> relates back to the original pleading.

(Emphasis added).[11]  In both the context of the addition of new defendants and new claims, judges

in this district have held that Massachusetts relation-back law is more liberal than federal, and

therefore, under Fed. R. Civ. P. 15(c)(1)(A), Massachusetts relation-back law controls, instead of

---

[10] Fed. R. Civ. P. 15(c) applies whether a plaintiff is seeking to add a new defendant or plaintiff. *See Janssen Biotech, Inc. v. Celltrion Healthcare Co., Inc.*, #15-cv-10698, 2017 WL 8229441, at *2 (D. Mass. Feb. 6, 2017).

[11] Mass. Gen. Laws ch. 231, § 51 provides:

> In all civil proceedings, the court may at any time, allow amendments adding a
> party, discontinuing as to a party or changing the form of the action, and may allow
> any other amendment in matter of form or substance in any process, pleading or
> proceeding, which may enable the plaintiff to sustain the action for the cause or for
> recovery for the injury for which the action was intended to be brought, or enable
> the defendant to make a legal defense. Any amendment allowed pursuant to this
> section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the
> original pleading.

Mass. R. Civ. P. 15(c) "incorporates the language of § 51 and 'retains the same substantive force as the merged statutory provision.'" *Labrador v. Industrial Contractors' Supplies, Inc.*, #13-cv-13029-MLW, 2015 WL 5737141, at *2, n.1 (D. Mass. Sept. 30, 2015) (quoting *Marshall v. Mulrenin*, 508 F.2d 39, 45, n.1 (1st Cir. 1974)).

federal. *Palacia*, 25 F. Supp. 3d at 169 (new defendants); *Conneely v. Butterworth Jetting Sys., Inc.*, 219 F.R.D. 25, 26 (D. Mass. 2003) (Collings, M.J.) (same); *see Abernathy v. Dewey*, 277 F. Supp. 3d 129, 138 (D. Mass. 2017) (new claims) (quoting *Labrador*, 2015 WL 5737141, at *2 (new defendants)).[12]

Under Massachusetts law, in the context of the addition of new parties, the court may consider "(1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party." *Berman v. Linnane*, 748 N.E.2d 466, 470 (Mass. 2001). These are "not unlike" the Rule 15(a)(2) considerations, that is, undue delay, bad faith, and undue prejudice. *Palacio*, 25 F. Supp. 3d at 169; *see Meador v. United States*, #22-cv-40024-DJC, 2024 WL 583687, at *4 (D. Mass. Feb. 13, 2024).

IV.    Discussion.

The court first considers whether the timing of plaintiffs' second amendment is proper. First, to the extent that the PSAC seeks to add new claims, it relates back to the filing of the OC. The new claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in" the OC, *see* Mass. R. Civ. P. 15(c); *accord* Fed. R. Civ. P. 15(c)(1)(B), namely, BCSO's allegedly inadequate response to the COVID-19 pandemic and the events of May 1, 2020.

"The liberal rule in Massachusetts reflects a substantive policy of allowing plaintiffs to add transaction-related defendants allegedly liable for the injury giving rise to the original cause of action even though the claims against those [defendants] would be time-barred but for relation-

---

[12] Massachusetts law does not appear to distinguish between amendments that add defendants and amendments that add plaintiffs. *See One Beacon Ins. Co. v. Electrolux*, 223 F.R.D. 21, 25 (D. Mass. 2004) (Bowler, M.J.)

back." *Sigros v. Walt Disney World Co*., 190 F. Supp. 2d 165, 168 (D. Mass. 2002); *see Meador*, 2024 WL 583687, at *4 (quoting *Labrador*, 2015 WL 5737141, at *2). Thus, the court reaches the same conclusion to the extent that the PSAC seeks to add new defendants.

Next, the court considers whether there was undue delay or a lack of due diligence by plaintiffs. This PSAC comes long after the filing of the OC and even the first amendment, but the delay in seeking to name the unidentified state defendants and in bolstering the factual basis and legal claims was due to lack of information; they needed discovery, which they have sought, and continue to seek, diligently. *See* #144 (order on most recent motion to compel). They also needed time to go through the discovery and that process proved difficult. An absence of bad faith is also apparent. Plaintiffs previously made clear that they intended to amend the complaint again, at least to name the unidentified state defendants, after obtaining and reviewing discovery.

The court finds, however, that the delay in adding Mr. Alcarón as a plaintiff in the case cannot be justified by any need to obtain and review discovery. He was aware of the factual basis for his legal claims around May 1, 2020, and this litigation has been going on for several years now. Plaintiffs offer no explanation in their briefing as to the long delay in seeking to add Mr. Alcarón to this case. At oral argument they stated that he lost touch with counsel for a time. There was no information provided to the court about when he reconnected with counsel or why it took years for that to happen. The court denies plaintiffs' motion insofar as it attempts to add him as a plaintiff here due to undue delay.

Defendants allege they will be prejudiced by the court's allowing the motion regarding the naming of the Doe defendants and the new claims because, at this stage in the case, the twenty-four proposed defendants will not have a fair opportunity to conduct adequate discovery and motion practice to defend the claims against them. (#152 at 2-3.) There does not appear to be a

risk that the PSAC as allowed would expand the scope of discovery considerably. Trial is not yet scheduled. *See Meador*, 2024 WL 583687, at *3 ("'Most often, this prejudice takes the form of additional, prolonged discovery and a postponement of trial'") (quoting *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015)). BCSO has been on notice of this litigation since its inception in 2022, if not earlier, and the new defendants are either current or former BCSO employees. *Compare Perry v. Rose*, #10-cv-10769-JGD, 2012 WL 3903475, at *5 (D. Mass. Sept. 6, 2012) ("The proposed defendants allegedly were the parties involved in the alleged assault and are employees of the BCHC, which has been aware of the plaintiff's claims since well before suit was even filed. The only reason that the plaintiff did not know of their identities earlier (and within the statute of limitations period) was because the BCHC refused to disclose the information as stated in the BCHC's letters of April 5, 2010. Under such circumstances, the new defendants are deemed to have at least constructive notice of the litigation"). Moreover, "[r]egardless of the legal theories proffered," BCSO's response to the COVID-19 pandemic and the events of May 1, 2020 "will have to be explored." *Id.* at *4. The court notes that the parties are presently pursuing mediation; the court will schedule a status conference immediately after any unsuccessful mediation. In the meantime, the parties are ordered to confer and to submit to the court, if they wish, a brief expanded discovery schedule to wrap up any necessary discovery pertinent to the new complaint.

V.    Conclusion.

For the reasons explained above, plaintiffs' motion for leave to amend (#137) is ALLOWED, without prejudice to the newly-named state defendants seeking reconsideration of this order, within 21 days. *See, e.g., Palacio*, 25 F. Supp. 3d at 170 (where city counsel had not yet entered notices of appearance for Doe defendants, permitting newly-named, police officer defendants opportunity to seek reconsideration of order). Plaintiffs' counsel are directed to

immediately re-file the PSAC, #137-2, as the second amended complaint ("SAC"). They are responsible for service of this order and the SAC.

Within 28 days of this order, in the absence of any motion for reconsideration, the newly-named state defendants must complete and submit forms indicating consent or refusal to the undersigned Magistrate Judge conducting all proceedings in this case, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c). Consent or refusal forms, including instructions for completing and submitting them, can be found on the Court's website.

May 9, 2025                                                    /s/ M. Page Kelley
                                                              M. Page Kelley
                                                              United States Magistrate Judge