UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO PILLCO-MOROCHO, ABDOULAYE FALL, DARLIN GUILLERMO, JUAN CARLOS ILLICACHI SHIGLA, DIEGO GALINDO, SEGUNDO ARMIJOS, DIEGO ARMANDO GULLÁN TIXI, MIGUEL LUCAS IXCUNA YAX, LLOYD WAFULA, CONROY DESMOND LEWIS, CARLOS MENJIVAR ROJAS, NUELSON GOMES, FLAVIO ANDRADE PRADO JUNIOR, JANITO DE CARVALHO, JOAO FERNANDES, AIRES DA GRACA and MARCO BATTISTOTTI, <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL COUNTY SHERIFF'S OFFICE; AND THOMAS HODGSON, STEVEN SOUZA, BRUCE ASSAD, JOSEPH OLIVER III, BARRY FERREIRA, PAUL DOUGLAS, JOSHUA DUBE, JOSHUA SYLVIA, DOUGLAS MONGEON, JONATHAN ALLARD, CHRISTOPHER GONCALVES, NELSON CABRAL, MICHAEL GONCALVES, MOISES ISIDORO, TIMOTHY MELO, KENNETH ALMEIDA, WILLIAM DILLINGHAM, MATTHEW BOYER, ANDREW SOUSA, GARRETT CORREIA, MARK AMARAL, RYAN ISHERWOOD, CHARLES GRISWOLD, NOLAN REARDON, JENNIFER PICARD, and JUDITH BORGES, ALL IN THEIR INDIVIDUAL CAPACITIES, <br><br> Defendants. | Civil No.: 1:22-cv-10652-MPK |

**JOINT STATUS REPORT**

On April 8, 2025, this Court entered an Order directing Defendants to 1) schedule Plaintiffs' noticed depositions 2) allow Plaintiffs to complete the majority of their depositions before Defendants began deposing the Plaintiffs, 3) provide answers and objections to Plaintiffs' Requests for Production and Interrogatories, and 4) respond to Requests for Production Nos. 19, 22, 24, 25, 26, and 27.  ECF No. 144.  This Court further ordered the parties to "file a joint status report by May 21, 2025, setting out their progress in completing discovery in this matter."  *Id.*  The Court's order concluded that "[i]f defendants do not meet the deadlines in this Order, plaintiffs may move for sanctions again and the court will consider ordering defendants to pay reasonable attorneys fees and costs incurred by plaintiffs in this course of discovery."  *Id.*

On May 9, 2025, this Court also ordered parties "to confer and to submit to the court, if they wish, a brief expanded discovery schedule to wrap up any necessary discovery pertinent to the new complaint."  ECF No. 158, at 10.  Parties have met and conferred and believe that it is premature to develop a proposed discovery schedule pending mediation.

Subject to this Court's approval, the parties would agree to a forty-five (45) day period after mediation to complete the depositions of remaining, non-settling Plaintiffs.  The parties respectfully request the Court's approval of this modification of the Court's scheduling order.

**I.    Plaintiffs' Position**

    **A.  Depositions**

Plaintiffs have now completed all but four of their noticed depositions.  Two of the remaining depositions are scheduled to be taken on May 27, 2025, which the Court approved on April 23, 2025 (ECF No. 151).  The other two are Mark Rodi, whose deposition was postponed due to his representations that his diet was affecting his memory, and Bruce Assad, who was noticed in November 2024 and whom parties have been working to schedule since. Plaintiffs are

confident that with Defendants' continued cooperation, their remaining noticed depositions will be completed by the close of discovery on June 6, 2025.

Defendants have completed one deposition. Defendants have noticed nine additional depositions but have agreed to suspend their remaining depositions pending the outcome of mediation. Parties have agreed that if necessary following mediation, Defendants will be allowed forty-five days to complete the depositions of non-settling Plaintiffs. Plaintiffs understand that Defendants intend to file an agreed-to motion on the docket pursuant to this agreement.

### B. Document Production

Defendants have provided answers and objections to all of Plaintiffs' Requests for Production and Interrogatories.

Despite this Court's order, Defendants have not responded to Request for Production No. 27, which requests "[a]ll use of force packets, incident reports, armory logs, and other documents describing major disturbances in BCHOC since 2000, including specifically an incident in the Ash Street facility in 1989, an incident in the Ash Street facility in 1993, in the Dartmouth facility on April 15, 2001 and in the main facility in early 2023, as testified by Superintendent Steven Souza during his deposition on December 20, 2024." These materials are relevant because they will shed light on whether the use of force that occurred at BCHOC on May 1, 2020 was extraordinary or whether the facility has a history of responding to incidents with excessive force. *Id*. at 13. After meeting and conferring with counsel for Defendants, Plaintiffs agreed to limit the scope of this request to two incidents that occurred in 2001 and 2023. *Id.* Defendants have produced no documents in response to Request for Production No. 27.

Furthermore, parties agreed that Plaintiffs would provide search terms for Request for Production No. 20, which asks for "[a]ll records detailing complaints filed with or against the

BCHOC involving the ICE detention facility or practices from January 2017 through the closure of the ICE facility at BCHOC." Plaintiffs proposed search terms over two months ago on March 20. However, Defendants have not responded to Plaintiffs' proposed search terms or produced documents responsive to RFP 20.

    Finally, on several occasions Plaintiffs have learned of the existence of documents and materials from deponents that are responsive to their Requests for Production, but that Defendants have not produced, despite representing that production is complete for the relevant Requests. For example, Defendants' Request for Production No. 3, which was served on February 13, 2023, asked for "[a]ll interview notes written by officers about incidents that occurred on May 1, 2020, including but not limited to, notes from interviews with officer and also detainees created concurrently and also as part of subsequent investigations." Defendants' Request for Production, No. 18, which was served on January 13, 2025 asked for "[a]ll disciplinary records concerning any disciplinary processes imposed on Plaintiffs following and related to the incidents of May 1, 2020, including reports, tickets, decisions and the bases/rationale therefore, appeals, evidence relied upon, punishment meted out, video or audio recordings of the hearings, and/or any other documents, photos, or video footage." Defendants had represented they had produced all documents responsive to Requests for Production 3 and 18. However, on April 18, 2025, and following the deposition of Robert Perry, during which the existence of additional, unproduced documents came to light, Defendants turned over almost four hundred pages of documents responsive to Requests for Production 3 and 18. Accordingly, Plaintiffs are concerned about the completeness and reliability of Defendants' production and representations regarding their production.

### II.     **Defendants' Position**

#### A. **Depositions**

Defendants have complied fully with the Court's order as it concerns the depositions of their present and past BCSO employee witnesses. Defendants have produced tens of witnesses and were caused to postpone numerous scheduled depositions of the Plaintiffs in order to comply with the Court's order that defendants produce a majority of the depositions Plaintiffs had requested as of the date of the Court's order. The Court subsequently ruled that the parties could depose two former employee witnesses scheduled by agreement of the parties for May 27, 2025, as scheduled. *See* (ECF No. 151). Additionally, former employee witness Mark Amaral (now "Mark Rodi") appeared with Defendants' counsel for deposition as noticed by the Plaintiffs, but the deposition was suspended at the insistence of Plaintiffs due to Plaintiffs' concern that a diet regimen Mr. Rodi had been practicing in preparation for a body building competition may have been affected his memory of the events about which Plaintiffs were inquiring.[1] Additionally, Plaintiffs sent a Notice of Deposition for an additional former employee Bruce Assad *after* the depositions of the other BCSO witnesses noticed at the time of the Court's order had been scheduled. Defendants have complied at considerable effort and inconvenience with the Plaintiffs' demands for the depositions of tens of BCSO's present and former employees, and have complied with the Court's order concerning depositions.

Defendants completed the deposition of one Plaintiff, Carlos Menjivar Rojas and had scheduled nine (9) more Plaintiff's depositions to take place before the current, extended June 4, 2025 deadline Defendants had requested before they were ordered to accommodate a majority of numerous depositions scheduled *en masse* by the Plaintiffs. The Court had allowed Defendants to

---

[1] After some debate on the necessity of a suspension, the parties agreed to select a later, mutually convenient date for the witness after his competition to reschedule the remainder of the deposition.

5

take ten (10) depositions, within the time permitted, perhaps expecting that certain Plaintiffs would settle given their communication of settlement demands individually. Defendants had expressed willingness to defer the depositions of persons who had made settlement demands pending the completion of settlement discussions. When additional Plaintiffs expressed interest in mediating, Defendants stated that they would consider deferring the depositions of Plaintiffs with whom they were to negotiate at mediation until after mediation provided Plaintiffs would assent to a revised discovery schedule that afforded reasonable time to conduct depositions of non-settling Plaintiffs after mediation and provided the Court approved such additional time.

### B. Document Production

Defendants have provided answers and objections to all of Plaintiffs' Requests for Production and Interrogatories. Defendants have determined that it has no responsive records of an unrelated disturbance at Bristol County House of Correction or Ash Street Jail in or before 2001. BCSO has objected to Plaintiffs' demand for documents concerning an unrelated uprising in 2023 because it is not relevant and is not reasonably calculated to lead to discovery of admissible evidence. Defendants state that the 2023 incident involved inmates and not detainees, took place under a different Sheriff and administration and was quelled not by BCSO, but by various outside state, municipal and federal agencies. Plaintiffs' request is a make-work request, would unduly burden the Defendants and would serve no reasonable purpose. Defendants stand on their objection and request oral argument if Plaintiffs wish to persist with this request.

Respectfully submitted,

*/s/ Jennifer Ware-Phillips*
Jennifer Ware-Phillips (BBO #713772
Elena Plenefisch (BBO #713550)
**WHITE & CASE, LLP**

75 State Street, Floor 23
Boston, MA 02109
(617) 979-9300
jennifer.ware@whitecase.com
elena.plenefisch@whitecase.com

Joel M. Cohen, *(pro hac vice)*
**WHTIE & CASE, LLP**
1221 Avenue of the Americas
New York, NY 10020
joel.cohen@whitecase.com

Lillian Novak *(pro hac vice)*
Lydia Wright *(pro hac vice)*
**RIGHTS BEHIND BARS**
1800 M Street NW Front 1 #33821
Washington, D.C.20033
(202) 455-4399
lily@rightsbehindbars.org
lydia@ rightsbehindbars.org

Benjamin J. Wish (BBO #672743)
Susmita A. Gadre (BBO #705376)
Liana LaMattina (BBO #705556)
**TODD & WELD LLP**
One Federal Street, Floor 27
Boston, MA 02110
(617) 720-26126
bwish@toddweld.com
sgadre@toddweld.com
llmatina@toddweld.com

*Counsel for the Plaintiffs*

*/s/ William P. Breen, Jr.*
William P. Breen, Jr. (BBO #558768)
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
Two International Place, Floor 16
Boston, MA 02110
(617)342-6800
wbreen@eckertseamans.com

*Counsel for the Defendants*

Dated: May 21, 2025