UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO PILLCO MOROCHO, ABDOULAYE FALL, DARLIN GUILLERMO, JUAN CARLOS ILLICACHI SHIGLA, DIEGO AMADOR GALINDO, SEGUNDO FABIAN ARMIJOS, DIEGO GUALLÁN TIXI, MIGUEL LUCAS IXCUNA YAX, LLOYD WAFULA, CONROY DESMOND LEWIS, CARLOS MENJIVAR, NUELSON GOMES, FLAVIO ANDRADE PRADO JUNIOR, JANITO DE CARVALHO, JOAO FERNANDES, AIRES DA GRACA, MARCO BATTISTOTTI, AND EDUARDO TEJADA ALARCÓN,<br><br>        Plaintiffs,<br><br>v.<br><br>BRISTOL COUNTY SHERIFF'S OFFICE; and THOMAS HODGSON, STEVEN SOUZA, BRUCE ASSAD, JOSEPH OLIVER III, BARRY FERREIRA, PAUL DOUGLAS, JOSHUA DUBE, JOSHUA SYLVIA, DOUGLAS MONGEON, JONATHAN ALLARD, CHRISTOPHER GONCALVES, NELSON CABRAL, MICHAEL GONCALVES, MOISES ISIDORO, TIMOTHY MELO, KENNETH ALMEIDA, WILLIAM DILLINGHAM, MATTHEW BOYER, ANDREW SOUSA, GARRETT CORREIA, MARK AMARAL, RYAN ISHERWOOD, CHARLES GRISWOLD, NOLAN REARDON, JENNIFER PICARD, and JUDITH BORGES, all in their individual capacities,<br><br>        Defendants. | Civil No.: 1:22-cv-10652-MPK |

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER TO ALLOW THE DEFENDANTS TO DEPOSE PLAINTIFFS HAVING CLAIMS REMAINING AND/OR INTENDING TO TESTIFY AT TRIAL AFTER MEDIATION**

1

The Defendants, by their attorneys, hereby respectfully move the Court to amend its Scheduling Order to allow Defendants forty-five (45) days following the conclusion of the mediation scheduled to take place between the parties in which to conduct the depositions of any plaintiffs who have not reached agreement to settle their individual claims against the Defendants at the conclusion of the mediation and/or plaintiffs who intend to testify as witnesses at trial. As grounds in support of this motion, Defendants state that the relief sought in this motion is fair, just and necessary for the Defendants, many of whom have very recently been made parties to this lawsuit over objection, who need limited additional time to depose those persons who may testify adversely to them at trial. At the Plaintiffs' request, Defendants agreed to defer the depositions of Plaintiffs who may settle their claims at mediation. Defendants agreed to do so as doing so would will promote efficiency by avoiding the cost of deposing persons who will not present claims or testify at trial and at the least may narrow and focus the issues to be tried if trial between non-settling Plaintiffs and the Defendants is necessary. The Parties identified this requested amendment in their Joint Status Report dated May 20, 2025, and Defendants now move the Court to allow this motion.

In further support of this motion, the Parties state as follows:

1.  The Parties have expressed willingness to attempt to settle the claims of all or some of the seventeen (17) plaintiffs at court-provided mediation with Judge Dein.

2.  Many of Plaintiffs have communicated initial settlement demands to the Defendants with respect to their individual claims. Plaintiffs did not make settlement demands individually at a previous mediation with Judge Levenson but rather made an eight figure global settlement demand from which they did not move at the earlier mediation. The case did not settle at the earlier mediation.

3.  Defendants are guardedly optimistic that at least some and perhaps all claims of the individual claimants can be settled at mediation. If all claims of all Plaintiffs cannot be settled at mediation, resolution of some but not all Plaintiffs' claims may still prove useful to limit and/or focus the disputed issues to be tried in what is certain to be a complex, lengthy and costly trial that is disruptive to the Defendant public law enforcement agency.

4.  Defendants previously noticed the depositions of ten (10) Plaintiffs within the time permitted by the Court's Order.[1] The Defendants were made to postpone scheduled depositions of Plaintiffs when the Court ordered that Defendants accommodate at least half of the tens of depositions that the Plaintiffs had noticed before Defendants could conduct Plaintiffs' depositions, and further ordered that the Defendants produce all of their noticed employee and former employee witnesses before a May deadline. Defendants complied with the Court's order, with specific modifications allowed by the Court to accommodate several pre-scheduled depositions of several former employees on dates to which Plaintiffs had agreed at the time of scheduling.

5.  At Plaintiff's counsel's request, Defendants previously had agreed to defer their depositions of certain Plaintiffs who had made specific monetary demands until settlement discussion/negotiation were completed. These Plaintiffs generally did not allege they were present for the riot in the ICE B Unit on May 1, 2020 that is the subject of other Plaintiffs' claims, but rather claim harm by reason of their alleged conditions of confinement.

---

[1] The Court permitted Defendants to conduct ten (10) depositions of Plaintiffs by June 4, 2025, perhaps limiting the number of Plaintiff depositions with knowledge that certain Plaintiffs had made settlement demands that were under consideration, and instructed the Defendants to seek leave if more Plaintiffs' depositions were necessary.

6. Plaintiffs later communicated specific monetary demands for some Plaintiffs who were present for the May 1, 2020 riot and indicated that certain other Plaintiffs did not wish to mediate. Plaintiffs' attorneys still later informed Defendants that all Plaintiffs were interested in attempting mediation. The Parties thereafter asked the Court to refer the matter to a magistrate judge for mediation. The Court did so.

7. Plaintiffs' counsel asked Defendants counsel to defer the remaining Plaintiffs' depositions until after mediation and confirmed that they would not call settling Plaintiffs to testify at trial. Defendants agreed that they would do so provided Plaintiffs would join in a motion to permit Defendants forty-five days (45) after the conclusion of mediation to depose any remaining, non-settling and/or testifying Plaintiffs. Defendants asked Plaintiffs to join in this motion but Plaintiffs declined to do so.

8. The Court allowed Plaintiffs to amend their complaint to add twenty-four additional persons not previously named as defendants over the Defendants' objection. All Defendants need to depose the non-settling and testifying Plaintiffs to prepare their defense for trial.

9. The Court has scheduled the mediation to take place on July 2, 2025. Defendants' attorney will move to continue the mediation for one or several weeks to accommodate a pre-planned his family vacation and wedding to take place outside the Commonwealth on June 28, 2025 with related events schedule to take place into Independence Day week.

10. The relief sought by this motion will promote efficiency for the Court, for the parties and their attorneys by providing opportunity to reach a compromised resolution of

some or all of the disputed claims, at best resolving all claims and at least focusing the issues to be tried by seventeen plaintiffs against tens of defendants if not fully resolved.

11. The relief sought is reasonable and will not unfairly or prejudicially affect any persons or party, especially given the entry of twenty-four new parties defendant into the case within the last month.

WHEREFORE, the Defendants respectfully move the Court to amend its Scheduling Order to allow the Defendants to depose all remaining (non-settling) Plaintiffs and/or testifying Plaintiffs within the forty-five (45) days next following the conclusion of the mediation scheduled to take place on July 2, 2025.

Respectfully submitted,

THE DEFENDANTS

By Their Attorneys,

/s/ *William P. Breen, Jr.*
William P. Breen, Jr. (BBO #558768)
Zachary M. Wallack (BBO # 687965)
ECKERT SEAMANS CHERIN & MELLOT, LLC
Two International Place, Floor 16
Boston, MA 02110
(617)342-6800
wbreen@eckertseamans.com
zwallack@eckertseamans.com

Dated: June 3, 2025

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1</u>

The undersigned attorney represents that he communicated with opposing counsel, Jennifer Ware-Phillips, Esq., on June 3, 2025, by electronic mail to present the motion that Defendants sought to file jointly and to request Plaintiffs' joinder in the motion or otherwise to narrow areas of disagreement. Plaintiffs declined to join in the motion and directed Defendants to file their motion.

<u>/s/ *William P. Breen, Jr*</u>.
William P. Breen, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 3, 2025.

<u>/s/  *William P. Breen, Jr.*</u>
William P. Breen, Jr.