UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO PILLCO MOROCHO, ABDOULAYE FALL, DARLIN GUILLERMO, JUAN CARLOS ILLICACHI SHIGLA, DIEGO AMADOR GALINDO, SEGUNDO FABIAN ARMIJOS, DIEGO GUALLÁN TIXI, MIGUEL LUCAS IXCUNA YAX, LLOYD WAFULA, CONROY DESMOND LEWIS, CARLOS MENJIVAR, NUELSON GOMES, FLAVIO ANDRADE PRADO JUNIOR, JANITO DE CARVALHO, JOAO FERNANDES, AIRES DA GRACA, MARCO BATTISTOTTI, AND EDUARDO TEJADA ALARCÓN, <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL COUNTY SHERIFF'S OFFICE; and THOMAS HODGSON, STEVEN SOUZA, BRUCE ASSAD, JOSEPH OLIVER III, BARRY FERREIRA, PAUL DOUGLAS, JOSHUA DUBE, JOSHUA SYLVIA, DOUGLAS MONGEON, JONATHAN ALLARD, CHRISTOPHER GONCALVES, NELSON CABRAL, MICHAEL GONCALVES, MOISES ISIDORO, TIMOTHY MELO, KENNETH ALMEIDA, WILLIAM DILLINGHAM, MATTHEW BOYER, ANDREW SOUSA, GARRETT CORREIA, MARK AMARAL, RYAN ISHERWOOD, CHARLES GRISWOLD, NOLAN REARDON, JENNIFER PICARD, and JUDITH BORGES, all in their individual capacities, <br><br> Defendants. | Civil No.: 1:22-cv-10652-MPK |

**DEFENDANTS' REQUEST FOR MORE DEFINITE STATEMENT
CONCERNING PLAINTIFFS' SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(E) AND RULE 12(F)**

1

NOW COME the Defendants and respectfully move the Court to Order Plaintiff to provide a more definite statement concerning the actions of the Defendants allegedly giving rise to the causes of action pled collectively and without differentiation by the seventeen (17) individual Plaintiffs against twenty-eight (28) Defendants in their ninety-five (95) page Second Amended Complaint. As grounds in support of this motion, Defendants state that Plaintiffs' report to collective pleading in the Second Complaint, i.e. "All ICE B Plaintiff's against All Individual Defendants"[1] leaves Defendants without knowledge adequate to identify the alleged acts of at least some of the Defendants concerning certain of the Plaintiffs asserting claims against them to respond to the allegations or to evaluate and assert defenses to Plaintiffs claims. This concern was raised prior to Plaintiffs' addition of twenty four new defendants by the amendment of their complaint in the Second Amended Complaint and the concern raised then was neither addressed nor mitigated by Plaintiffs' operative pleading. The difficulties that seventeen Plaintiffs' collective pleading against twenty-eight (28) individuals presents are many could have been avoided had Plaintiffs used greater care in their pleading, and could be corrected by a more definite statement of the bases of their claims against specific defendants that Plaintiffs thought sufficiently important to vastly expand the number of defendants all added in their respective individual capacities. For example, although the Second Amended Complaint makes no allegation the individually named defendant Judith Borges, BCSO's Director of Medical Services used force or even made physical contact with any Plaintiff, Plaintiffs' inexplicably assert that she is liable to all of the Plaintiffs for

---

[1] The Second Amended Complaint pleads causes of action collectively in each of the eight (8) counts. Count One alleges liability for "Excessive Force" under 42 U.S.C., § 1983 against each of the twenty-six (26) individual defendants without differentiation. Count Two alleges liability for "Failure to Intervene" under 42 U.S.C., § 1983 by all seventeen Plaintiffs against each of the twenty-six (26) individual defendants without differentiation. Count Five alleges liability for "First Amendment Retaliation" under 42 U.S.C., § 1983 by "All ICE B Plaintiffs" against each of the twenty-six (26) individual defendants without differentiation. Count Eight alleges liability for "Battery, Assault, and Intentional Infliction of Emotional Distress" under state law by "All ICE B Plaintiffs" against each of the twenty-six (26) individual defendants without differentiation.

excessive force (Count One), liable to all Plaintiffs for Failure to Intervene (Count Two), liable to all Plaintiffs for "First Amendment Retaliation" (Count Five) and liable to all ICE B Plaintiffs for "Battery, Assault, and Intentional Infliction of Emotional Distress (Count Eight). Similarly, there is no allegation to Defendants' knowledge that Special Sheriff Bruce Assad made physical contact with any Plaintiff. Though the Second Amended Complaint only alleges physical contact between Sheriff Thomas Hodgson and Plaintiff Battistotti, all ICE B Plaintiffs allege liability against Sheriff Hodgson for excessive force and assault, battery and intentional infliction of emotional distress.

Each individual defendant is entitled to know from the Second Amended Complaint the factual basis of the claims asserted against him or her by each individual who is asserting a claim against him or her. Each individual defendant must know this from the Complaint in order to evaluate the adequacy of the Complaint and its individual counts or causes of action to state a claim upon which relief can be granted. Each individual defendant must have reasonable opportunity evaluate and assert all defenses that are available to him or to her in responding to the complaint. While additional detail can be gleaned through discovery, the basis of liability asserted by each person asserting liability must be adequately pled to put each individual defendant on notice so that he or she can prepare his or her defense reasonably, including defenses available to those individuals before going through the expense and effort of discovery. The Second Amended Complaint does not appear to do so.

Rule 12(e) provides, in material part,

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

Fed.R.Civ. P. 12(e). Rule 12(e) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." Autila v. Massachusetts Bay Transportation Authority, 342 F.R.D. 23, 113 Fed.R.Serv.3d 16 (D.Mass. 2022). Rule 12(e) relief is the most suitable remedy where the parties are unable to engage in discovery until they are capable of identifying the specific claims against the specific individuals. See Carter v. Newland, 441 F.Supp.2d 208, 214 (D.Mass. 2006) citing Hilska v. Jones, 217 F.R.D. 16, 25 (D.D.C.2003).

Rule 12(f) states in relevant part that "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added); Autila, supra.  Rule 12(f) endows courts with "considerable discretion" to strike "from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Id.; Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988) (district court has "considerable discretion" in deciding motion to strike). A statement is "immaterial" when "it has no essential or important relationship to the claim for relief ..." Autila, supra, citing U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. King, 1:19-cv-00119-JDL, 2020 WL 3064423, at *1 (D. Me. Sept. 9, 2020); see Alston v. Town of Brookline, Massachusetts, 321 F.R.D. 41, 43 (D. Mass. 2017) (immaterial matter defined as having "no relationship to the cause of action pled"). An "impertinent" matter "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. Scandalous matter constitutes statements that "improperly cast[ ] a derogatory light on someone." Autila, supra, citing Carney v. Town of Weare, Civil No. 15-cv-291-LM, 2016 WL 320128, at *5 (D.N.H. Jan. 26, 2016) (citation omitted).

Defendants also move the Court to strike from the Second Amended Complaint Plaintiffs' transparent disparagement of Sheriff Hodgson and BCSO by injecting the hyperbolic commentary of public officials and the news media that commented critically on the events alleged in this

4

lawsuit in hindsight and by attempting to inject other disputes had between Sheriff Hodgson, BCSO and other critics and civil litigants. Defendants move the Court to strike such material from the Second Amended Complaint.

The Defendants respectfully move the Court to Order Plaintiffs to amend their Second Amended Complaint in the following particulars.

1. **Please Amend Count One, Count Three and Count Eight to State Which Plaintiffs Allege that Certain of the Individual Defendants Exerted Force Against them in a Manner that Supports Individual Liability of Each Individual Defendant and Delete Claims Under these Counts by Plaintiffs against Defendants that are Not Supported by a Factual Allegation by Each Plaintiff Against Each Defendant**.

The lack of clarity in Plaintiffs' Second Amended Complaint is entirely one of Plaintiffs' making that only can be remedied by the Plaintiffs. While Plaintiffs have provided some examples of what some Plaintiffs allege was done by some individual defendants[2], allegations made collectively or generally as to unidentified persons predominate. The Second Amended Complaint makes no allegation of fact to support liability for use of unreasonable force, whether by physical contact or application of pepper spray, to any specific Plaintiff against defendants Steven Souza, Bruce Assad, Joseph Oliver III, Barry Ferreira, Joshua Dube, Joshua Sylvia, Moises Isodoro, Jennifer Picard or Judith Borges. *See* Second Amended Complaint. No allegation of physical contact by Sheriff Hodgson is made by any Plaintiff other than Battistotti. Though Defendants Griswold and Reardon evidently interacted only with Plaintiff Prado, all Plaintiffs allege that Griswold and Reardon are liable to them for using excessive force, and for battery, assault, and intentional infliction of emotional distress.

---

[2] See i.e., paragraphs 114-116, 119-120, 191-193, 196-205, 211, 225-226, 230-233, 284, 291, 292, 297, 300, 313, 318, 319, 322, 339, 344, 361-363, 407, 409, 425, 441, 458-461, 463, 475, 582 and 583. The Second Amended Complaint contains six hundred and thirty-three (633) paragraphs.

5

The burden of sifting through and ordering the lack of specificity in the Second Amended Complaint concerning who is liable for doing what to whom falls disproportionately and heavily on the individual defendants, whether recently added by the Plaintiffs or otherwise. The absence of any evident basis for alleging a use of unreasonable force by individual defendants who are not alleged to have used physical force on any of the seventeen Plaintiffs geometrically multiplies the effort and expense that individual defendants must do to seek the dismissal of claims asserting an unreasonable use of force when there is no specific act or basis supporting such misconduct by many of the individual defendants. At this point in this case, Plaintiffs have deposed all but two individuals named in the Second Amended Complaint as defendants[3] and have had the use of all reports, video and documents as well as their own accounts. If Plaintiffs know of any specific action of any of the individual defendants that supports their claims, they should plead them in a more particular statement rather than require that Defendants file motions to dismiss claims that Plaintiffs now know are unsupported.

Further, the lack of clarity in Plaintiffs' Second Amended Complaint as to who used excessive force on whom greatly and unfairly magnifies the scope of discovery of twelve (12) of the seventeen (17) Plaintiffs asserting liability for unreasonable use of force, requiring that even defendants as to whom no *specific* allegation of excessive force is made in the Second Amended Complaint serve interrogatories on each Plaintiff to rule out the potential that one or more Plaintiffs contend that general or collective allegations of the use of force are supported by evidence of a use of force by an individual defendant. Defendants are of course limited in the number of

---

[3] Defendants produced Defendant Amaral (Rodi) for deposition when scheduled but agreed to suspend the deposition at Plaintiffs' counsel's request due to Plaintiffs' counsel's concern regarding a health issue of the witness. Defense counsel appeared for Defendant Assad and will cooperate with Plaintiffs' counsel to produce him for deposition as necessary after mediation.

interrogatories they can ask by rule, and expenditure of interrogatories on claims of excessive force that are neither intended nor supported is wasteful and prejudicial to the individual defendants.

Plaintiffs have it within their ability to narrow and reduce the scope of individual defendants' pleading (affirmative defenses), motion practice and discovery by specifying which claims are asserted against which individual defendants rather than doing so collectively. It is evident from discovery conducted to date that claims asserted against some individual defendants for use of unreasonable force, assault and battery and intentional infliction are implausible. Focusing the allegations that Plaintiffs make against twenty-four natural person defendants will benefit all with reasonably little effort.

2. **Please Amend Count Five to State Which Plaintiffs Allege that they Suffered First Amendment Retaliation for their Protected Speech and State how Each Plaintiff Claiming Retaliation was Deprived of a Federally Protected Right by Each Natural Person Defendant Under Color of State Law**.

Plaintiffs blanket assertion of liability at "All ICE B Plaintiffs against All Individual Defendants" for alleged First Amendment Retaliation Speech is insufficiently pled to inform the individual defendants what statements of protected speech Plaintiffs allege resulted in retaliation by which individual defendants such that the individual defendants are inadequately informed of the factual basis for this improbable claim. As with Plaintiffs' collective or general allegations of the use of unreasonable force, Plaintiffs provide some examples of what some Plaintiffs allegedly did in filing a class action lawsuit concerning conditions of confinement in *Savino v. Souza* and in "writing a letter to Sheriff Hodgson expressing concern with the sufficiency of his administration's COVID-19 response and advocating for additional safety measures," (¶ 591) Plaintiffs do not inform the Court or the Defendants in the Second Amended Complaint that not all of the seventeen Plaintiffs were members of the *Savino* class nor that not all of the Plaintiffs participated in writing the letter that they evidently each allege caused each of the individual defendants to retaliate

7

against them. The individual defendants are entitled to know what protected statements made by which Plaintiffs the Second Amended Complaint alleges caused each of the individual defendants accused of retaliation, and specifically what actions of each allegedly liable defendant form the basis of this contention. The Second Amended Complaint and specifically Count Five do not provide this necessary information.

    Significantly, Count Five does not identify any individual defendant by name other than Sheriff Hodgson. All reference to the alleged retaliation of the other twenty-three "Individual Defendants" are made only generically and collectively as "Individual Defendants" or in one instance as "BCSO staff." Lack of specificity in pleading might be expected at the outset of the case, Plaintiffs have deposed each of the individual defendants (excepting Rodi and Assad) and have had ample and repeated opportunity to develop any available evidence concerning a retaliatory motive. As is evident from the gross generality of Count Five, there is no such evidence. Absent Plaintiffs specification of their factual basis for asserting that each individual defendant had a retaliatory animus in acting as each such person did, Count Five depends wholly on unsupported conclusions and does not state a claim upon which relief can be granted. Rather than put the Defendants to the task of preparing a motion to dismiss for each with the possible exception of Sheriff Hodgson, the Court should Order Plaintiffs either to specify what facts justify Count Five by each claiming Plaintiff against each individual defendant or clarify which individual defendants which Plaintiffs allege unlawfully infringed upon their first amendment rights.

    As with Count Two, the burden of sifting through and ordering the non-specific allegations of Count Five of the Second Amended Complaint concerning who is liable for doing what to whom falls disproportionately and heavily on the individual defendants other than Sheriff Hodgson as to whom more specific allegations are pled. The absence of any evident basis for alleging a retaliatory

deprivation of first amendment rights by individual defendants geometrically multiplies the effort and expense that individual defendants must undertake to seek dismissal of claims asserting unlawful retaliation for speech of which some or many were not aware or concerned. No specific knowledge of the alleged speech nor any act with a retaliatory motive is alleged other than generally and collectively in Count Five. As state, Plaintiffs have deposed all but two individuals named in the Second Amended Complaint as defendants and have had the use of all reports, video and documents as well as their own accounts. If Plaintiffs know of any specific action of any of the individual defendants that supports their claim of retaliatory deprivation of a federally protected first amendment right, they should plead them in a more particular statement rather than require that Defendants file motions to dismiss claims that Plaintiffs now know are unsupported.

Further, the lack of clarity in Plaintiffs' Second Amended Complaint as to who used excessive force on whom greatly and unfairly magnifies the scope of discovery of the seventeen (17) Plaintiffs asserting liability for retaliatory conduct in violation of the first amendment, requiring that even defendants as to whom no *specific* allegation of excessive force is made serve interrogatories on each Plaintiff to rule out the potential that one or more Plaintiffs contend that general or collective allegations of a retaliatory deprivation are supported by evidence by an individual defendant. Defendants' expenditure of limited interrogatories on claims of first amendment retaliation is wasteful and prejudicial to the individual defendants.

As with Plaintiffs allegations of use of force, Plaintiffs can narrow and reduce the scope of individual defendants' pleading, (affirmative defenses), motion practice and discovery by specifying which claims are asserted against which individual defendants. Focusing the allegations that Plaintiffs make against twenty-four natural person defendants will benefit all with reasonably little effort. Failing to do so is costly, disruptive and needlessly burdensome to the Defendants.

3. **<u>Please Amend the Second Amended Complaint to Remove Scandalous, Irrelevant and Inadmissible Contentions Concerning Unrelated Alleged Actions of Sheriff Hodgson and the BCSO, Allegations of Expressions of Negative Opinions Concerning the Defendants Allegedly Held or Expressed by Persons Not Parties to this Lawsuit which are not Properly Included in the Complaint</u>**.

As with the Plaintiffs first two iterations of their Complaint, the Second Amended Complaint is larded with scandalous, gratuitous and inadmissible assertions concerning BCSO that should not and to Defendants' expectation will not be presented to the jury at the trial of this matter. Plaintiffs have again ventured into immaterial negative commentary and past conflicts involving BCSO, former Sheriff Hodgson and others evidently seeking to color the opinion of the Court, the news media or members of the public who may view these scurrilous assertions in a public document that the Plaintiffs and their advocates know can be used with relative impunity. The Court should Order Plaintiffs to remove these allegations from their Third Amended Complaint as they are objectionable, not properly made part of the record and are not material to the resolution of the present lawsuit.

A. <u>Plaintiffs Second and Third Paragraphs of their Introduction and Paragraphs 269-276 Stating the Reported Reactions of Person Not Parties or Witnesses</u>.

In Plaintiffs second and third paragraphs of their "Introduction," and in Paragraphs 269-276, Plaintiffs improperly seek to inject the reported disapproval of persons not parties nor even witnesses to any of the events alleged Plaintiffs concerning the May 1, 2020 riot at the Bristol County House of Correction. The disapproval of public officials including members of the Massachusetts Congressional Delegation, the then-Secretary of Homeland Security and the Civil Rights Division of the Massachusetts Attorney General's Office commenting in hindsight are not material to the litigation of the present civil lawsuit and are not properly pled in the Second Amended Complaint.

Moreover, at jury selection and at the outset of trial, Defendants expect that the Court will instruct potential jurors to ignore and exclude all outside knowledge that they may bring to trial with them and consider the case evidence presented impartially. Deliberate efforts to inject the immaterial opinions and conclusions of persons not part of the judicial process, whether to influence the venire or merely as gratuitous "showboating" to embarrass or oppress the Defendants, is improper and should not be part of the operative pleadings requiring an answer from the Defendants.

> B. <u>Paragraphs 37, 38, 39 and 40 Disparaging Sheriff Hodgson and Attempting to Inject Unrelated Allegations of Other Civil Claimants Against BCSO and Sheriff Hodgson</u>.

Plaintiffs brazenly disparage and besmirch Sheriff Hodgson and BCSO by asserting that during Sheriff Hodgson's tenure, "BCSO was "notorious its treatment of people in detention," citing reported actions of the BCSO and Sheriff Hodgson which had received criticism from the press media or had been the subject of previous litigation going back as far as a quarter century. None of the disputes or unfavorable media coverage have any connection to the May 1, 2020 incident which is the subject of this civil lawsuit. Plaintiffs evidently are seeking to affect the opinion of the Court or the venire against the defendants and in doing so, to inject antipathy had by some toward the Defendants into this case to affect its outcome. The Court should order Plaintiffs to remove this scandalous and scurrilous material from the Second Amended Complaint.

WHEREFORE, the Defendants respectfully move the Court pursuant to Rule 12(e) Fed.R.Civ.P. to Order Plaintiffs to amend their Complaint to provide a More Definite Statement in the particulars set forth herein.

Respectfully submitted,

/s/ *William P. Breen, Jr.*
William P. Breen, Jr. (BBO #558768)
ECKERT SEAMANS CHERIN & MELLOT, LLC
Two International Place, Floor 16
Boston, MA 02110
(617)342-6800
wbreen@eckertseamans.com

Dated: June 10, 2025.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 10, 2025.


                */s/ William P. Breen, Jr.*
                William P. Breen, Jr.